GEORGE ROUTLEDGE et al., Respondents, *v.* WORTHINGTON COMPANY, Appellant.

The rule which rejects parol evidence when offered with respect to written contracts, has no application to a case where, of an original agreement which has been executed, a part only is in writing and the remainder is verbal.

The written memorandum of a contract required by the Statute of Frauds must contain, within itself or by reference to other writtings, all the essential elements of a contract, and when it comes up to these requirements, neither party will be permitted to show that the contract was other or different than that stated.

If, however, the writing is insufficient, but there has been such a per-
formance as to take the case out of the operation of the statute, oral
evidence is admissible to supply omissions and to establish what were
the contractual relations of the parties.

In an action to recover for certain publications sold by plaintiffs to defend-
ant, plaintiffs produced in evidence an agreement signed by defendant
by which it agreed to take the publications at a price specified, amount-
ing to $4,000.   It appeared that after the parties had come to an agree-
ment in regard to the sale, defendant at plaintiffs' request for a formal
order executed the writing.   Defendant set up as a counter-claim, and
offered to prove by oral evidence that plaintiffs agreed in consideration
of the purchase, and as part of the agreement, that the trade-price at
which they sold the publication should not be lowered, and claimed
damages for a breach of that agreement.   The testimony was rejected.
*Held,* error; that the writing represented a part only of the contract,
that is defendants undertaking, while that of plaintiffs rested simply
in parol; that there was in fact no valid contract between the parties;
but as it had been executed, this took the agreement out of the Statute
of Frauds, and left the parties subject to and bound by the terms of
the actual agreement made.

*Routledge et al.* v. *Worthington Co.* (23 J. & S. 565), reversed.

(Argued March 12, 1890; decided March 21, 1890.)

APPEAL from judgment of the General Term of the
Superior Court of the city of New York, entered upon an
order made May 7, 1888, which affirmed a judgment in favor
of plaintiff entered upon a verdict, and an order denying
motion for a new trial.

This action was brought to recover payment for certain sets
of Dickens' works sold by the plaintiffs to the defendant.   To
sustain his action, plaintiff read in evidence upon the trial the
following paper, viz:

NEW YORK, *March* 8, 1886.

Messrs. GEO. ROUTLEDGE & SONS:

GENTS — I agree to take 1,000 sets of Dickens' sheets, same
as last, as under:

    250 sets delivered as soon as printed.

    250 sets to be delivered in July.

    250 sets to be delivered in September.

    250 sets to be delivered in November.

    Terms 30 days from delivery, 5 per cent for cash.

We have ordered Baldwin to deliver boxes to Baldwin for the Bulwer. Terms cash, 30 days, $4.00 per set.

Imprint of Dickens' change from "28 Lafayette Place to 747 Broadway," all else will do.

WORTHINGTON COMPANY.

The defendant admitted making the agreement for the purchase as alleged, but, by way of counter-claim, alleged that at the time it was made it was part of the agreement that the trade-price, at which the plaintiffs sold those works, should not be lowered, and that that price then was six dollars and fifty cents. The defendant sought to prove this agreement of the plaintiffs by parol testimony, but the proposed evidence was excluded.

By direction of the court the jury rendered a verdict for the plaintiffs.

Further facts are stated in the opinion.

*E. Ellery Anderson* for appellant. The court erred in excluding defendant's evidence of plaintiffs' agreement not to lower their trade-price of Dickens' works. (*Brigg* v. *Hilton*, 99 N. Y. 517; *U. T. Co.* v. *Whiton*, 97 id. 172; *Chapin* v. *Dobson*, 78 id. 74; Jones on Commercial Cont. § 133.) The court erred in excluding defendant's evidence as to the order. (*U. T. Co.* v. *Whiton*, 97 N. Y. 172, 178; *Juilliard* v. *Chaffee*, 92 id. 29; *Dana* v. *Fiedler*, 12 id. 40; *Newhall* v. *Appleton*, 114 id. 140; *Van Brunt* v. *Day*, 81 id. 251; *Riley* v. *N. Y., L. E. & W. R. R. Co.*, 34 Hun, 97; *Batterman* v. *Pierce*, 3 Hill, 171; *Welz* v. *Rodiers*, 87 Ind. 1; Jones on Com. Cont. § 138.) The court erred in refusing to permit the jury to assess the damages counter-claimed by the defendant. (Code Civ. Pro. § 1183.)

*Charles U. Judson* for respondents. The contract is a complete contract for the purchase, and could not be added to or varied by parol. (*Wilson* v. *Deen*, 74 N. Y. 534; *Lewis* v. *Jones*, 7 Bosw. 366, 370; *Curtiss* v. *Howell*, 39 N. Y. 213, 214; *Baker* v. *Higgins*, 21 id. 397; *Wright* v. *Weeks*, 25 id.

153; *Galen* v. *Brown*, 22 id. 40; *Eighmie* v. *Taylor*, 98 id. 288; 44 N. J. L. 331; *Noonan* v. *Bradleg*, 9 Wall. 407; *Williams* v. *Robinson*, 73 Me. 186.) The court properly refused to allow the question asked by defendant's counsel of a witness if it was a part of the custom of the trade when a purchase is made in large quantities that the seller shall not undersell or change the trade-price. (*Markham* v. *Jaudon*, 41 N. Y. 245; *Higgins* v. *Moore*, 34 id. 425; 2 Parsons on Cont. [4th ed.] 53; *Wadley* v. *Davis*, 6 Barb. 500; *Boardman* v. *Gaillard*, 1 Hun, 220.) There was no evidence upon which a jury could properly have proceeded to find a verdict for the defendant (upon whom the burden of proof was imposed in that regard) beyond what was allowed it, and the judge properly directed the verdict. (*Comrs.* v. *Clark*, 4 Otto, 278; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356; *Cagger* v. *Lansing*, 64 id. 417.)

GRAY, J. In the exclusion of evidence to show that the plaintiffs on their part agreed not to reduce the trade-price of the books, which the defendant had agreed to purchase, the learned trial judge committed an error which is fatal to this judgment. The instrument, upon which plaintiffs seek to charge the defendant with liability to them, resulted from a previous agreement between the parties for the sale and purchase of these sets of Dickens' sheets. Some arrangement had been agreed upon between them respecting the transaction, and, subsequently, in consequence of a request on behalf of the plaintiffs for a formal order, this writing was sent to them by defendant. There is no doubt or dispute as to its sufficiency to charge the defendant; but it represented only a part of the whole contract. Its execution is not denied, but the defendant's claim and allegation were that the plaintiffs, at the time the contract was entered into, engaged to do something on their part, and have failed to keep their agreement.

Now, this is the case as I understand it: There was an agreement entered into, whereby the plaintiffs undertook to sell and the defendant to buy a certain edition of the works of

Dickens, and there were stipulations made as to the terms and conditions of the sale and of the purchase. The defendant's undertaking is shown by the writing signed by it, but the plaintiffs' lay wholly in parol. There was no contract between the parties; but their agreement has been executed, and that suffices to take the matter out of the operation of the Statute of Frauds and leaves the parties, in an action to recover the price, subject to and bound by the conditions and terms of the actual agreement which they made. The defendant is concluded, *prima facie*, as to its promises in writing, but whether the plaintiffs promised something more than can be inferred from that writing, and which may constitute a separate undertaking, leading to the defendant's order, and what they did at the interview when the bargain was arranged, must be shown by a resort to the conversation. The testimony, which the defendant has sought to elicit, bore upon the transaction, and was offered with the view of proving what then was said and done about the matter of a sale.

The proposed evidence was predicated upon the allegation of a reciprocal engagement on the plaintiffs' part and relating to the same subject-matter. The trial judge committed no error in excluding the proposed evidence of what had been the agreement in respect to the selling-price in some prior transaction between the parties; but, in respect to this particular transaction, it was perfectly competent for the defendant to prove a separate and distinct undertaking of the plaintiffs with it that they would not affect its trade by reducing the trade-price. Under the Statute of Frauds, the memorandum must contain within itself, or by reference to other writings, all the essential elements of a contract, and, where that is the case, neither party will be permitted to prove that there was any other contract made than that one. If, however, it is not sufficient under the statute to constitute such a contract, but there has been such a performance as to take it out of the operation of the statute, parol evidence is admissible to supply omissions and to establish what were the contractual relations of the parties. In *Lockett* v. *Nicklin* (2 Exch. 93), which

was an action of debt for goods sold and delivered, the goods were furnished upon a written order of the defendant. The defendant offered parol evidence to prove that the terms, on which the order was given, were six months' credit, etc. The evidence was held admissible. It was there said by ALDERSON, B., "the documents in question are not a contract, but are writings, out of which, with other things, a contract is to be made. The question then is whether the defendant has not a right to adduce evidence, not to contradict the written instruments, but to show the real contract, of which the paper contains only one of the terms. In order to do this the defendant must resort to the previous conversation. * * * In holding this evidence admissible we do not trench on any of the cases." In *Batterman* v. *Pierce* (3 Hill, 171), Judge BRONSON sustained a defense to a note given by the defendant, upon the sale of a lot of wood on plaintiff's land, which was based upon the proof that the plaintiff had verbally agreed, prior to the sale, that if anything occurred to the wood through his means he would be accountable, and would guarantee the purchasers against any damage in consequence of his acts. The principle of the decision was that there were mutual stipulations between the parties, all made at the same time and relating to the same subject-matter, and the whole engagement was open to proof. The cases of *Chapin* v. *Dobson* (78 N. Y. 74), *Van Brunt* v. *Day* (81 id. 251), and *Brigg* v. *Hilton* (99 id. 517), fully sustain the proposition that in such a case as this, where the agreement of the plaintiffs rested in parol, it is open to proof. The rule which rejects parol evidence, when offered with respect to a contract between parties and put into writing, has no application to a case like this, where, of the original agreement which has been executed, a part only is in writing and the rest was verbal. The principle of liability is the same, whether the whole transaction be embodied in one written instrument, setting forth the respective obligations of both parties, or whether it takes the form of a separate undertaking by each party. Whether we regard the writing of the defendant as an order, or as an agreement is

quite immaterial. In either view, it was an admission only of the defendant's engagement.

We do not agree with the appellants' counsel that there was any ambiguity in that paper, which called for explanation by parol evidence. It was clear and explicit enough, and the words "same as last," in reference to the agreement to take so many Dickens' sheets, plainly indicated the kind of sheets and nothing more. Any other meaning would be forced and unnatural.

As the views I have expressed lead to a reversal of the judgment appealed from, it is not necessary for us to discuss the other question as to the assessment of damages, which the counsel for the appellant has argued. Upon a new trial any question in that respect may be obviated.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.