## MOORES *v.* GLOVER.

(*City Court of Brooklyn, General Term.* February 25, 1891.)

ACTION ON CONTRACT—PAROL EVIDENCE.

> Defendant and S. contracted in writing for the sale to the former of houses on V. street for $7,500. Another written contract was made by plaintiff and defendant, whereby the former agreed to convey certain unfinished houses on Q. street to defendant, who agreed to finish and sell the same, and divide the net profits. *Held*, that it was error to allow plaintiff to show by parol testimony that prior to the execution of the agreements plaintiff agreed to convey the Q. street houses, and procure the conveyance of the V. street houses to defendant, and that defendant, in consideration of the two sets of houses, agreed to pay S. $7,500, plaintiff $900, and to finish and sell the Q. street houses, and divide the profits with plaintiff.

Appeal from trial term.

Action by Robert L. Moores against H. B. Glover. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Hays & Greenbaum*, for appellant. *Horace Graves*, for respondent.

VAN WYCK, J. The testimony in this case shows that defendant and one Sweeney, about October, 1887, entered into a written agreement, whereby Sweeney contracted to sell and convey to defendant four houses on Vanderveer street for $7,500. The testimony further shows that plaintiff and defendant entered into a written contract, signed and sealed by both in October, 1887, whereby the plaintiff covenanted to convey to defendant two unfinished houses on Quincy street, and the defendant covenanted, in consideration of such conveyance, to finish and sell the same with the utmost diligence, and divide the net profits between them. The plaintiff was allowed (against the objection of defendant that the terms of this written contract ought not to be contradicted, altered, added to, or varied by oral evidence) to show by parol

testimony that prior to the execution thereof the plaintiff agreed to convey the Quincy-Street houses and procure the conveyance of the Vanderveer-Street houses to defendant, and that defendant, in consideration of the conveyance of the two sets of houses, agreed to pay the owner of the Vanderveer-Street houses $7,500, and pay the plaintiff $900, and to finish the Quincy-Street houses, and sell them, and divide the profits thereupon equally between them. The plaintiff recovered at the trial for a breach of the alleged contract in the failure of the defendant to pay the $900. The question on this appeal is whether or not the additional terms established by parol evidence can be ingrafted upon and inserted in the written contract for the purpose of sustaining the recovery herein. The courts, recognizing that memory has natural defects besides being subject to be warped and twisted by bias, and being liable, in the face of self-interest, to substitute strained and unwarranted inferences for the language used, have declared a general rule applicable to this subject: That the presumption of law is that a contract reduced to writing contains the whole of the agreement, and that oral representations and stipulations, differing from and not inserted in it, will not be admitted to add to, take from, vary, or modify the written agreement. *Engelhorn* v. *Reitlinger*, 122 N. Y. 76, 25 N. E. Rep. 297; *Marsh* v. *McNair*, 99 N. Y. 174, 1 N. E. Rep. 660, 662. Unless the case at bar comes within some one of the exceptions thereto, this recovery cannot be upheld. The object of the rule is to protect the parties to the contract against bad memories and bad faith. The exception of which the largest number of the authorities treat is based upon the imperfections of language, and the inadequate manner in which people adjust words to the facts to which they apply. Hence parol evidence is resorted to for the purpose of interpreting the language of written instruments, but this exception will not help the plaintiff. *Hinnemann* v. *Rosenback*, 39 N. Y. 98. Another exception is where the instrument does not purport to be the complete and entire contract of the parties. Receipts and agreements in part performance of the oral contract come within this. The instrument in question is a contract, with mutual covenants, and has none of the elements of a receipt. It is not a part performance of any of the terms of the alleged parol agreement. It is simply, according to plaintiff's own showing, certain mutual promises of the alleged oral agreement reduced to writing. The deed of conveyance given in pursuance of the parol agreement would be an instrument made in part performance of such agreement, but a promise in writing to give the deed would be a mere reduction to writing of the parol promise. *Chamberlain* v. *Van Campen*, 7 N. Y. St. Rep. 100; *Filkins* v. *Whyland*, 24 N. Y. 338; *Marsh* v. *McNair*, 99 N. Y. 174, 179, 1 N. E. Rep. 660, 662. The exception that the general rule "does not apply where the original contract was verbal and entire, and a part only was reduced to writing," has reference to an instrument upon the face of which there is nothing to show that it was intended to contain the entire contract between the parties, (*Chapin* v. Dobson, 78 N. Y. 75; *Brigg* v. *Hilton*, 99 N. Y. 517, 3 N. E. Rep. 51; *Routledge* v. *Worthington Co.*, 119 N. Y. 596, 23 N. E. Rep. 1111;) and has no reference to an instrument which does upon its face indicate such intention and design. It would destroy the rule to permit a party to show that a perfect, complete, and consummated written agreement like this one, with mutual covenants, was only a part of the verbal agreement between the parties, and to insert additional terms, either more or less onerous. *Engelhorn* v. *Reitlinger*, 122 N. Y. 76, 25 N. E. Rep. 297; *Marsh* v. *McNair*, 99 N. Y. 174, 1 N. E. Rep. 660; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Larrowe* v. *Lewis*, 44 Hun, 226; *Wilson* v. *Deen*, 74 N. Y. 531. We think the judgment and order appealed from should be reversed, and a new trial ordered, with costs to abide the event.