FIRST NAT. BANK OF CHICAGO v. CALIFORNIA NAT. BANK OF SAN DIEGO.

No. 19,261; December 29, 1893.

35 Pac. 639.

**Money Loaned—Evidence.**—G., Plaintiff's Vice-president, being at the C. Hotel in defendant's town, was asked by the latter's president for a loan on collateral, $25,000 to $40,000, and agreed to make it on proper security. N., who was present, writing G. about a note which said president proposed to send, "to obtain this loan, as I understand it," gave his opinion about certain notes, defendant's stock, etc. A note for $25,000 was made to G., vice-president, by four of defendant's directors and its cashier. The president, in sending the collaterals, wrote G. that he believed they were, in substance, "about what was spoken of at the C. Hotel when Mr. N. was with us." On receipt of the collaterals, plaintiff credited defendant with $25,000, less dis-

count, and paid it on defendant's orders. Held, that a finding that plaintiff lent defendant $25,000 was justified.[1]

**Money Loaned—Evidence.**—In an Action by One Bank against another on a note, and for money loaned, where defendant asserts. that plaintiff bought the note, proof of the negotiations for the loan and that defendant received its proceeds is not incompetent as varying the written instrument.[1]

**Money Loaned—Evidence.**—In an Action by One Bank against another for money loaned, and on a note representing the balance due, the loan and balance being established, it is immaterial whether the note was authorized by the directors.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by the First National Bank of Chicago against the California National Bank of San Diego on a promissory note, and for money loaned. Judgment for plaintiff. Defendant appeals. ·Affirmed.

Luel & McDonald for appellant; Tippet, Boone & Neale for respondent.

SEARLS, C.—This appeal is prosecuted from a final judgment in favor of plaintiff and from an order denying motion for a new trial. There are three counts in the complaint, as follows: (1) Upon a promissory note for $12,500, dated October 19, 1881, made by "California National Bank, per J. W. Collins, Pres.," upon which a payment of $2,500 was admitted; (2) a cause of action upon an overdraft for $9,862.95, which was admitted, except that defendant claimed that the $2,500 credited in the first cause of action should be applied to the second; (3) a cause of action for the recovery of $25,000, loaned by plaintiff to defendant May 18, 1891, with a credit thereon of $15,000.

The findings are in favor of plaintiff, and are sufficient to support the judgment. By the second finding it appears that "the first and third counts of plaintiff's complaint relate to the same indebtedness." According to these findings, the plaintiff on the eighteenth day of May, 1891, loaned to the defendant $25,000 at defendant's request; that defendant paid

---

[1] Cited in the note in 128 Am. St. Rep. 629, on parol evidence of conditions in bills and notes.

the interest thereon up to the nineteenth day of October, 1891, and $12,500 on account of the principal, and that on said last-named date the defendant made its promissory note to the plaintiff for $12,500, being for the balance due on account of said loan, payable thirty days after date, with interest at seven per cent per annum; that defendant received the consideration for said note; that the same is due and unpaid, except the sum of $2,500, paid thereon December 22, 1891. The court further finds, as to the $2,500, that it was not collected for the use of the defendant, as averred in the answer, but was collected by the plaintiff on a promissory note deposited with it by defendant as collateral security for the $12,500 note of plaintiff, etc.

The contention of appellant is that the finding of the court that plaintiff loaned to the defendant $25,000 on the twenty-eighth day of May, 1891, is not supported by the evidence. It is in proof that a promissory note for $25,000, made by five individuals, payable to "L. J. Gage, Vice-president," was sent to the plaintiff in Chicago; and the theory of appellant is that plaintiff discounted the note, and there is certainly some evidence in support of the theory. On the other hand, it appears that Gage, the vice-president of the plaintiff bank, located in Chicago, was in San Diego; that the president of the defendant bank negotiated with him for a loan of $25,000 to $40,000, offering to put up, as collateral, notes, bank stock, etc.—anything, in short, that plaintiff wished; and it was finally arranged that with proper security, plaintiff would make the loan to defendant. H. F. Norcross, who was present at the negotiations, was afterward requested to write to Gage, vice-president of plaintiff, and did on or about May 21, 1891, write in reference to some note which defendant's president proposed sending "to obtain this loan, as I understood it." In this letter he gave his opinion of certain notes, and the value of defendant's stock, etc. The $25,000 note was made by four of the directors of defendant and its cashier. In sending on the collaterals to Chicago, Collins, the president of defendant, wrote to Gage that he believed they were, "in substance, about what was spoken of at the Coronado Hotel [where the negotiations had occurred] when Mr. Norcross was with us." Upon the receipt of these collaterals, of which there seems to have been a considerable number, plaintiff

placed the $25,000, less interest, to the credit of defendant, and paid it out on its drafts and orders. This is not all of the evidence going to show a loan of the $25,000 by plaintiff to defendant, but is sufficient to show a substantial conflict in the evidence, and to uphold the finding of the court in favor of such loan.

Defendant at the trial objected to the testimony in reference to negotiations on the part of plaintiff and defendant for a loan of money by the former to defendant, and that the latter received the funds, upon the ground that it was immaterial, irrelevant and incompetent, and that it tended to vary and contradict the written instrument, to wit, the promissory note for $25,000 already in evidence. We do not see that it did anything of the kind. The third cause of action was for money loaned by plaintiff to defendant. This evidence tended to support that cause of action; and the fact that defendant contended that it was not a loan by plaintiff but a purchase of the promissory note in question, did not militate against the admissibility of the evidence.

On the nineteenth day of October, 1891, the defendant, having paid the interest on the loan and $12,500 of the principal, made its promissory note for the remaining $12,500, payable thirty days after date, with interest, etc. This note was signed as follows: "California National Bank of San Diego, per J. W. Collins, Pres." Appellant contends that this note is not shown to have been authorized by the board of directors of the defendant, and that the president of the defendant, not having been specially empowered so to do, could not bind the defendant by making this note. Respondents meet this contention: (1) By reference to the record, which shows that at a meeting of the board of directors of defendant "held in February, 1891, a resolution was passed by the board of directors to authorize Mr. Collins, the president, to borrow $100,000 from some eastern national bank." The record also shows that in January, 1891, J. W. Collins was elected president, and that section 19 of the by-laws of defendant requires "all contracts, checks, drafts, etc., shall be signed by the president, vice-president, or cashier." (2) Authorization implied from course of conduct of business of defendant. (3) That defendant, having received and retained the consideration for which the note was given, with notice, is estopped from deny-

ing the validity of the note. We need not notice all of these propositions in detail. Under the first of them, which authorized the president to borrow from some eastern national bank $100,000, we think it clear that authority was conferred to borrow a less sum from plaintiff, a national bank of Chicago. Ordinarily, the power of a bank to borrow money on time implies the power to give its negotiable note on time: Morse on Banking, sec. 63. We may waive all this, however, and the case stands thus: In May, 1891, defendant borrowed from plaintiff $25,000. Of this sum it paid $12,500, and in October following gave its promissory note for the balance due. The complaint contains two counts for this cause of action. In the third it seeks to recover the balance due on account of the loan. In the first count plaintiff seeks a recovery on account of the note. Being for the same subject matter, it cannot recover upon both counts; but, if the note was unauthorized, it may still recover upon the count for money loaned. The very object of different causes of action upon the same transaction is to meet just such contingencies as the present; hence, the loan having been established, and plaintiff's right to a recovery therefor fixed, the question of the right of the president of the defendant to bind it by the execution of a promissory note in evidence of the indebtedness becomes of no moment in a case where, like the present, plaintiff has counted upon its claim in each form. The judgment and order appealed from should be affirmed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.