[No. 7515.   Decided December 11, 1908.]

NATIONAL BANK OF COMMERCE, *Appellant*, v. FRANK
GOUGAR, *Respondent*.[1]

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—ADMISSIBILITY—
ACCOUNT STATED. In an action upon an account stated, which was
to recover sums alleged to have been advanced and paid to defend-
ant to be used by him in operating a certain mill, oral evidence on
the part of defendant that the mill belonged to the plaintiff and was
operated by him for the plaintiff and that the sums were paid for
plaintiff's benefit and at its request under a verbal contract for de-
fendant's remuneration, is not inadmissible as varying the terms of
a written lease of the mill, claimed by the plaintiff to have been
made to the defendant, where the existence of the lease was not an
issue or mentioned in the pleadings, but merely a collateral matter
disputed by the defendant, and incidentally raised at the trial to
contradict the evidence of the verbal agreement.

EVIDENCE—OFFER TO COMPROMISE—ADMISSIBILITY. In an action
on an account stated, evidence of defendant's offer to compromise
is properly struck out.

APPEAL—REVIEW—VERDICTS. The verdict of a jury will not be
set aside because against the preponderance of conflicting evidence.

Appeal from a judgment of the superior court for Pierce
county, Reid, J., entered January 17, 1908, upon the verdict
of a jury rendered in favor of the defendant, in an action on
contract.   Affirmed.

*Blattner & Chester* and *L. B. da Ponte*, for appellant.
*Ellis, Fletcher & Evans*, for respondent.

HADLEY, C. J.—This is an action for the recovery of mon-
ey.   The complaint alleges an indebtedness from the defend-
ant by reason of an account stated, in October, 1905, in the
sum of $81.18, and that thereafter on different dates the
plaintiff paid, at the request of the defendant, additional
sums, aggregating with the amount of the account stated,
$6,727.05.   A credit on the above amount by reason of pay-

[1]Reported in 98 Pac. 607.

ment in the sum of $1,278.37 is allowed in the complaint, and judgment is asked for $5,448.68.

The answer denies the material averments of the complaint, and affirmatively alleges that the plaintiff, which is a banking corporation, in June, 1905, bid in at receiver's sale the assets of the Washington Lumber Company, a debtor of the bank; that the bid was taken in the name of the defendant, for the bank and at its request; that the property was deeded by the receiver to the defendant and immediately transferred by the latter to the plaintiff. The property included a sawmill plant, and the defendant alleges that, after he made the transfer to the plaintiff, the latter desiring to operate the mill, verbally agreed with the defendant that the latter should manage and operate it for plaintiff; that the plaintiff should pay all operating expenses and would purchase all necessary machinery and appliances for such operation; that the plaintiff was to receive all moneys derived from the operation of the mill, and if the operation proved profitable, then when the profits should equal the amount of the original indebtedness of the Washington Lumber Company to the plaintiff, about $25,000, the plaintiff would convey the property to the defendant to compensate him for his management and labor in the operation of the mill.

It is further alleged that, under the above agreement, the defendant did operate the mill until the repair of the boilers therein became necessary, and that inasmuch as the plaintiff did not desire to incur the expense of renewing the boilers, it was mutually agreed that the operation of the mill should be abandoned and the property was then turned over to the plaintiff, since which time the defendant has had no connection with it. It is alleged that the plaintiff paid the operating expenses while the defendant was in charge of the mill, and that for convenience in bookkeeping, the defendant, at plaintiff's request, drew checks covering the payrolls and the cost of the machinery up to the time the operation of the mill was abandoned, which checks were paid by the plaintiff under

the agreement aforesaid, and not otherwise. The payment of these checks is the basis of the plaintiff's demand in this suit, but the defendant denies liability for the alleged reason that the plaintiff was simply paying for the operation of its own mill under an agreement to do so. The cause was tried under the above issues, and a verdict was returned for the defendant. Judgment was entered upon the verdict that the plaintiff shall take nothing by the action, and it has appealed.

It is assigned that the court erred in permitting the respondent to testify that he had the verbal agreement with appellant which is set up by the answer, in view of the fact that appellant claimed there was a written lease subsequently made by it to respondent for the mill. It is argued that the oral testimony had the effect to contradict the terms of a valid written instrument. The action is, however, not founded upon a written instrument. It is a simple action for the recovery of money alleged to have been paid out by appellant for the benefit of respondent. There was no mention of a lease, or even of the mill, in the complaint, and the existence of any lease in fact was disputed when the subject arose on the introduction of testimony at the trial. The purported lease became merely collateral—an incidental matter, the purpose it served at the trial having merely the effect to contradict the theory of the respondent that the mill was operated according to the terms of the alleged verbal agreement. The fact as to the real agreement was for the jury to determine, having regard to all the evidence before them. We think there was no error in the above particular.

It is assigned that the court erred in striking the following testimony of the witness Albertson:

"About the time he went East I remember the matter came up and at that time we put a price on it. We had about $35,000 in the property, and I said to Mr. Gougar: 'You will have raised that price to pretty near $40,000 because it has been increased by what you lost in operation, by what you have run behind, and you must count that in or make good yourself,' and he seemed to think that was all

right, and tried to work on that basis; and even since then he made a proposition to us to secure the claim."

The record we think shows clearly that the court struck, and intended to strike, only the latter part of the answer which related to a probable offer to compromise by way of securing the claim. There was no prejudicial error in the ruling.

It is argued that a new trial should have been granted for the reason that the evidence was insufficient to justify the verdict. We think the record does not disclose such insufficiency. The conflict in the testimony was such as made it peculiarly for the jury to determine the question of preponderance, and since they found the greater weight of the evidence to be in favor of the respondent, we will not disturb the verdict.

The last assignment of error, that a new trial should have been granted on the ground of newly discovered evidence, has been withdrawn by a written statement to that effect filed in this court since the briefs were prepared.

The judgment is affirmed.

RUDKIN, FULLERTON, DUNBAR, MOUNT, and CROW, JJ., concur.

CHADWICK, J., took no part.