[No. 7931. Department Two. June 14, 1909.]

GEORGE M. WINTERMUTE, *Respondent*, v. STANDARD
FURNITURE COMPANY, *Appellant*.[1]

TRIAL—NEW TRIAL—CONDUCT OF JURY—DEPOSITIONS IN JURY
ROOM—HARMLESS ERROR. The inadvertent presence of depositions
in the jury room, prohibited by Bal. Code, § 5004, is not prejudicial
error as ground for a new trial, where the jury did not consult them
or know of their presence.

EVIDENCE—TO VARY WRITTEN CONTRACTS. Oral evidence modify-
ing and explaining certain letters is not 'inadmissible as varying a
written contract, where the letters did not constitute the contract,
which was oral, but only tended to show its nature and extent.

[1]Reported in 102 Pac. 443.

Appeal from a judgment of the superior court for King county, Rice, J., entered November 2, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.    Affirmed.

*Richard Saxe Jones*, for appellant.

*Pemberton & Sather* and *Todd, Wilson & Thorgrimson,* for respondent.

PARKER, J.—In this action the plaintiff seeks to recover from the defendant compensation for services rendered and money expended, for and at the instance of the defendant. A trial was had before a jury, resulting in a verdict and judgment favorable to the plaintiff and against the defendant, from which it appeals to this court.

When the jury retired to consider of their verdict, certain depositions which had been read in evidence were taken to the jury room by mistake, but were not examined by the jury.    A large number of papers and books used upon the trial were taken to the jury room, and none of the jurors knew whether the depositions were among such papers or not.    None of the papers were examined by any member of the jury, save the amended complaint, which was read to the jury by the foreman in order that they might know the amount claimed by the plaintiff.    These facts were clearly established by the affidavits of all the jurors, which affidavits were used upon the hearing of the defendant's motion for a new trial, which the court denied.

Counsel for defendant and appellant contends that the presence of these depositions in the jury room during the deliberations of the jury was such a violation of its rights as to entitle it to a new trial under § 618 of Pierce's Code (Bal. Code, § 5004), which reads:

"Upon retiring for deliberation, the jury may take with them the pleadings in the cause, and all papers which have been received as evidence on the trial (except depositions), or copies of such parts of public records or private documents

given in evidence, as ought not, in the opinion of the court, to be taken from the person having them in possession."

It is earnestly argued that the language of this section constitutes an absolute prohibition against the presence of depositions in the jury room. It is true that, when read literally, the section might be held as meaning all that is claimed by appellant, but to so construe and apply it here would be to lose sight of its evident spirit and purpose, which clearly is to keep from consideration of the jury, after they retire, written evidence in the form of depositions which they have already heard read with other oral evidence upon the trial, thus preventing such depositions having undue weight and consideration beyond that of other evidence given orally, which from necessity must be considered by the jury from memory only. Since these depositions were accidentally in the jury room and their presence there unknown to the jury, it is impossible to conceive of how the appellant could have been prejudiced, or how the spirit of the law could have been violated. As was said by this court in *Dennis v. Moses*, 18 Wash. 537, 559, 52 Pac. 333, 40 L. R. A. 302: "The general purpose or spirit of the act must always be held in view, and absurd or oppressive consequences avoided as far as possible." Touching the effect of the presence in the jury room of prohibited documents which are not read by any of the jurors, the rule is stated in Thompson on Trials, § 2590, as follows:

"If the paper was taken out by mistake, and not by the fraud or design of the prevailing party, or his counsel, and if it was not in fact read by the jury, then there is no occasion to grant a new trial; since no harm has been done to the party against whom the verdict was rendered, and the other party has done no wrong for which he is to be punished. And the rule is the same where it is made to appear that the only jurors who read the objectionable paper had already agreed to return the verdict which was rendered. As the affidavits of jurors are generally admissible to sustain their verdicts, it may be shown by such evidence that the paper was not in fact read by any of the jury."

Authorities to the same effect will be found collected in 29 Cyc. 809, and 12 Ency. Plead. & Prac., 559, 604.

It is also contended by appellant that error was committed by the trial court in permitting the plaintiff, over objection of defendant, to introduce evidence varying the terms of the contract sued upon. This contention is based upon the assumption that the contract of employment was in writing. It seems quite clear to us, however, that the contract upon which plaintiff sued was oral. It is true that some letters were introduced in evidence which appellant's counsel contends show the nature and extent of the contract, but we think they go no farther; in any event, than having a tendency to show certain admissions on the part of plaintiff as to the arrangement existing between him and the defendant touching his employment. They do not, in our opinion, constitute the contract. Hence, the parol evidence introduced by the plaintiff, though in some degree tending to modify and explain these letters, did not violate the rule which appellant here invokes.

The other assigned errors rest upon the alleged insufficiency of the evidence to sustain the jury's findings, and also the giving of instructions to the jury. We have reviewed all of the evidence and instructions in the record and find nothing therein warranting our interference with the final disposition of the case by the jury and trial court. We do not regard these alleged errors such as require us to review them in detail.

We find no prejudicial error in the record, and the judgment of the trial court is affirmed.

RUDKIN, C. J., CROW, MOUNT, and DUNBAR, JJ., concur.