## International Filter Company, Appellant, v. The Crystal Ice & Cold Storage Company, Appellee.

1. CONTRACTS—*when parol evidence incompetent as tending to affect a written agreement.* If a written order for merchandise is a contract as well and purports on its face to include all conditions agreed upon, parol evidence is incompetent to vary or add to its terms.

2. SALES—*when warranty does not exist.* If an order for merchandise is made in writing and it purports to express all of the conditions connected with the transaction, where no warranty is expressed or referred to therein, no warranty exists as a matter of law.

3. INSTRUCTIONS—*must be predicated upon the evidence.* An instruction not predicated upon any evidence in the case should not be given.

Assumpsit. Appeal from the Circuit Court of White county; the Hon P. A. PEARCE, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed August 5, 1910.

CLAUDE O. ELLIS, for appellant; SEITZ, BRYAN & WILBER, of counsel.

KERN & PEARCE, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

On the 19th of September, 1907, the appellant being engaged in the manufacture of filters and filter discs in Chicago, received the following order from appellee which latter company was engaged in manufacturing ice at Carmi:

"Order No. 391 Sep. 18, 1907. Ship to Crystal Ice and C. S. Co. at Carmi, Ill., Via. Big 4, Terms, net cash, May 1, 1908 days. Prices f. o. b. Chicago.

| | |
|---|---|
| 1-5 International Filter, Co. Cav. | $250.00 |
| 6-5 Spec. cloth discs | 6.00 |
| 100-5 C. S. discs | 5.50 |

2343 Sep. 19, 1907 International Filter Co.

It is understood that this filter and unused discs are to be returned for credit in good condition to International Filter Co. at Chicago within thirty five days from date of shipment, if directions for use are followed and the results obtained are not satisfactory. Get reports Dun. D. G. WLB Dg 9/19/07. All conditions are expressed herein. No verbal agreements will be recognized. All orders subject to acceptance by International Filter Co. at its office in Chicago.

B. F. Kokaluang."

On September 27th following, appellant sent appellee the following acceptance:

"2343                          Sept. 27, 1907.
Crystal Ice & C. S. Co.
       Carmi, Ill.

Gentlemen: As per your order of Sept. 18, given our Mr. G. H. Brown, we are this day sending you one of our 5 International Filters Iron Galv., as per memorandum enclosed. You will note that this filter is sent with the under-

standing that it is to be returned to us within thirty five days from this date, if the results obtained are not satisfactory. We beg to assure you, however, that there is no reason why the filter should fail to give you the usual good satisfaction. If you encounter any difficulty in obtaining the desired results, it will only be due to some slight error in the handling of the filter, which we will readily be able to rectify when we are acquainted with the matter; therefore, we would be pleased to have you write us as soon as any obstacle is encountered. Give us full particulars and we shall take great pleasure in giving you proper directions. Thanking you for your kindness in this matter, and trusting that we may have the pleasure of receiving your favorable reports in the near future, we are,

Yours Very Truly,<br>International Filter Co. Sec'y.

S. O. T.—0—20."

The filter and discs were shipped on September 27th, received by appellee in due course of transportation and placed in its plant. On November 2nd, following, appellee wrote it had the filter in operation and that it filtered the water good but not fast enough and suggested it had some error in fitting the cloth and disc and asking information as to how they should be fitted as it desired to give it a fair trial.

In reply to this letter on November 5th, appellant wrote recommending an arrangement of discs, advising how to use them, and submitting a number of questions relative to the plant, and asking for a sketch of it, showing position of storage tank, filter, freezing tank, etc., and stating that any difficulty experienced in the operation of the filter would be due to some slight error in its handling which appellant would be able to rectify when acquainted with the matter, and further stating it was ready to be of all possible assistance to appellee and would take pleasure in giving proper assistance.

On May 4, 1908, appellee wrote it had not been able to give the filter a fair trial; that it had not placed it in proper position; that it would soon run steady and give the filter a

perfect test; that it filtered nicely but very slow, and it would locate it differently expecting it to flow faster.

On May 5th, appellant drew its sight draft upon appellee for $261.50, amount claimed to be due May 1st, and notified appellee the trial period of thirty-five days had expired by about six months, and requesting payment of the draft.

Appellee failing to honor the draft, appellant again requested payment on May 18th, whereupon on May 26th, appellee wrote a letter in which it stated the filter had never given satisfaction; that it could not get capacity out of it; that the agent of appellant had been so informed that spring and he recommended some change which appellee made without better results, and that the only way it could get capacity was to change cloths every five hours which took up too much time, and asking advice in regard to making the filter work.

This letter was answered May 28th, stating the filter could only become clogged by suspended matter present in the water and the greater the amount of such matter, the sooner it would clog; that the quicker it clogged, the greater benefit was derived and that the changing of the discs every five hours should not prove objectionable as the operation required but four or five minutes.

June 26th, appellee again wrote appellant the filter did not give satisfaction; that it was not the kind they should use; that a charcoal filter would be best for their use on account of the kind of water; offering to settle by paying for the use of the filter and the cloths and discs used and return the filter, freight prepaid, which proposition was declined by appellant.

In addition to the order and acceptance and the correspondence above set forth, oral testimony was heard and resulted in a verdict and judgment for appellee, from which appellant brings the cause here for review.

The action of the trial court in admitting improper evidence offered by appellee and in giving and refusing instructions, are the errors relied upon to reverse the judgment.

The court over the objection of appellant admitted parol

100      APPELLATE COURTS OF ILLINOIS.

International Filter Co. v. Crystal Ice & Cold Stor. Co., 157 Ill. App. 96.

evidence of the terms of a contract between the parties, and witnesses were permitted to state that prior to the order, the agent of appellant who took it, guaranteed that the filter would filter thirty-five tons of water in twenty-four hours which it had failed to do; that appellee wanted a filter of that capacity and that after a fair test only about twenty-two tons could be filtered without greater pressure than the plant furnished; and that the agent at the time knew the capacity of the plant and the kind of water used.

This line of testimony was admitted upon the theory the agreement was a verbal one, and that the written order of appellee was not a contract but a mere order, and that the agreement rested in parol.

It will be observed the so-called order embodied more than a mere order. In addition to an order for a filter and discs, it recites it is understood they are to be returned for credit in good condition within thirty-five days from date of shipment if directions for use are followed and the results obtained are not satisfactory. It further recites that all conditions are expressed in the order and no verbal agreements would be recognized.

In our opinion the language employed in the order when accepted, as it was here, constitutes a contract of sale upon a condition subsequent and not a mere order for the filter and discs. The price was fixed; the goods delivered; the purchaser reserved the right to rescind the purchase after a test of thirty-five days in which time it was to determine whether the filter and discs proved satisfactory, if directions for use were followed and if not so satisfactory, the goods were to be returned for credit.

"An option to purchase if the buyer likes, is essentially different from an option to return a purchase if he should not like it. In one case the property will not pass until the option is determined; in the other the property passes at once subject to the right to rescind and return." Am. & Eng. Ency. of Law, Vol. 6, page 463.

"When goods are sold and delivered on a written order what is used to be accounted for and the balance returned,

title to the whole passes on delivery and parol evidence of a contrary understanding is inadmissible." Hotchkiss v. Higgins, 52 Am. Rep. 582.

It will be further noticed the order not only does not contain a warranty of quality, but expressly excludes it by reciting that "all conditions are expressed herein," and "no verbal agreements will be recognized."

Construing the order as a contract, it follows the court erred in admitting parol evidence of representations and guaranties made by appellant's agent which would alter, vary or change the terms of the written order.

The court instructed the jury at the instance of appellee that the thirty-five days mentioned in the order meant thirty-five days from the date the appellee received the filter. The order expressly provided the goods should be returned for credit in thirty-five days from the date of shipment if results were not satisfactory and the instruction was clearly erroneous.

The seventh instruction given for appellee told the jury that to entitle appellant to recover it must satisfy the jury by a preponderance of the evidence that the filter did operate, or work to the satisfaction of the defendant in the trials and tests, or that appellee waived such trials and accepted the filter without testing it.

This instruction was erroneous. Under the written agreement there was no such burden upon appellant. It was the duty of appellee to return the filter as agreed in the written order unless such return within the time limited was waived and the burden was upon appellee to prove a waiver if there was one.

By the second instruction for appellee the jury were told that before they could find for appellant they must be satisfied by a preponderance of the evidence, first: that the filter was furnished without the condition it would do the work satisfactorily; second, that a trial or test was made which was satisfactory to appellee, and third, that appellee agreed to return the filter within thirty-five days from its receipt, if not satisfactory.

There was no competent evidence upon which to base the first proposition. The written agreement contained no such provision and parol evidence of such was not admissible. The same was true of the second proposition and we have already considered the third proposition, that it was the duty of appellee to return it in thirty-five days from the date of shipment. This instruction was erroneous.

The fifth instruction for appellee instructed the jury that if the time in which to return the filter was waived by appellant, the appellee would have the right to return it afterwards if it did not work as guaranteed provided there was a warranty.

The agreement contained no warranty and there was no competent evidence upon which to base an instruction upon a warranty.

The fifth and sixth instructions asked by appellant and refused were in harmony with the view herein expressed and should have been given.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*