H. LEONARD SIMMONS CO. v. GOLDFARB et al.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

1. EVIDENCE (§ 417*)—PAROL EVIDENCE—ADMISSIBILITY.
  Where plaintiff's memorandum of a contract for the sale of fur coats did not purport to contain all of the terms of the contract, parol evidence that plaintiff was to pay cash as the coats were delivered was admissible.
  [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 417.*]

2. CONTRACTS (§ 171*)—CONSTRUCTION.
  Where a memorandum for the sale of a large number of fur coats provided that they should be shipped as wanted, and it appeared that cash was to be paid for each shipment, it could not be held as a matter of law that the contract was an entire one, for it could not be supposed that the purchaser could delay ordering the garments so as to delay payment indefinitely.
  [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 754–757; Dec. Dig. § 171.*]

3. EVIDENCE (§ 457*)—PAROL EVIDENCE—TRADE TERMS—ADMISSIBILITY.
  In an action for breach of a contract for the sale of fur coats, where the memorandum of sale noted the terms as 3 per cent. cash, evidence of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the meaning of the term in the fur trade was admissible to explain the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§·2104, 2107, 2108; Dec. Dig. § 457.*]

Appeal· from City Court of New York, Trial Term.

Action by the H. Leonard Simmons Company against Isaac Goldfarb and Bernard Weingold, copartners as Goldfarb & Weingold. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed and remanded.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellants.

I. Gainsburg, of New York City (Herman Druck, of New York City, of counsel), for respondent.

WHITAKER, J. Plaintiff sues for breach of contract for manufacture and delivery of certain fur coats. The alleged contract is in the shape of an order signed by defendant Goldfarb and delivered to plaintiff. It is not signed by plaintiff. It is as follows:

May 18.

M. ...... Goldfarb & Weingold:
Ship to H. L. Simmons & Co.
How ship..As wanted.
Terms: 3% cash.

| | | | |
|---|---|---|---|
| 808 | 44 | Hudson Seal coats on pat. 501 | 85.00 |
| 4 | | sizes to follow        501A | |
| | | linings and facings to be deducted | |
| 807 | 10 | Hudson Seal coats on pat. 501 | 75.00 |
| 1 | | sizes to follow | |
| | | linings to be deducted also facing | |
| | 6 | Hudson Seal coats on pat. 502 | 90.00 |
| 2 | | sizes to follow | |
| | | lining and facing to be deducted. | |

Accepted.                                                        Goldfarb.

Defendants made and delivered to the plaintiff 7 of the 60 coats, viz., 4 coats at $85 each, 2 coats at $75 each, and one coat at $90, leaving a balance of 53 coats undelivered. Plaintiff claims that, by reason of defendants' failure to make and deliver the balance of the coats, viz., 53, plaintiff, in order to fill orders which it had received from customers, was compelled to and did go into the market, purchase skins, and have the 53 coats made up; that the actual cost of said 53 coats over and above the contract price which it agreed to pay defendants was the sum of $1,247.50. Plaintiff gave credit to defendants for the 7 coats delivered, amounting to $580, and also for certain other indebtedness, aggregating the sum of $954.60, leaving a balance due plaintiff as damages of $292.90, for which plaintiff recovered a verdict.

The defense sets up as counterclaims the same sums for which plaintiff gives defendants credit, and also the affirmative defense that the coats were to be delivered to the plaintiff "as wanted," and that plaintiff should pay cash for such coats as were delivered at the time of delivery,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

less 3 per cent., to be deducted from the price; that the plaintiff requested defendants to deliver 7 of the coats, amounting to the sum of $850, which defendants made and delivered, and which were accepted; that upon such delivery defendants demanded payment for such coats, less 3 per cent., but plaintiff failed to pay for same, whereupon defendants declared contract terminated, and discontinued further manufacture and delivery; that until the plaintiff refused to pay for the coats actually made for them, and delivered to them, defendants complied with all the terms of the agreement.

[1] The principal question to determine was whether or not the defendants were justified in terminating the contract upon the failure of the plaintiff to pay for the 7 coats delivered at its request. The defendants offered evidence to show that the words "Terms: 3% cash," as used in the order, had a definite and well-understood meaning in the fur trade, and that they meant, and were understood to mean, in the trade, that no goods were to be delivered, except for cash on delivery; that is, that each lot should be paid for in cash when delivered upon request. This evidence was excluded by the court. Defendants also attempted to prove that at the time the order was signed it was verbally agreed between the parties that, simultaneously with each delivery of coats "as wanted" by plaintiff, the defendants were to be paid cash for the goods actually delivered, that plaintiff failed to keep this condition of the agreement, and that the defendants were willing to deliver all remaining coats, provided plaintiff would pay cash as agreed. This testimony was also ruled out by the court. We think the court erred in excluding this testimony. The signed order does not purport to be a contract containing all the terms. It is simply a memorandum made by defendants, a written promise. It contains no promises on the part of the plaintiff, and any promises made by plaintiff at the time the order was delivered to it, or any verbal agreement its representative made to induce the signing of the order, may, we think, be shown by the defendants.

The defendants should have been permitted to prove that the plaintiff agreed to pay cash for installments of goods as delivered. The rule invoked by the court, that the parol evidence offered by defendants tended to contradict the written contract between the parties, had no application. Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63; Routledge v. Worthington, 119 N. Y. 592, 23 N. E. 1111.

[2] Furthermore, we do not think, under all the facts disclosed by the record, that it should have been determined as a matter of law by the court in its charge that the contract was an entire one. Upon the face of the memorandum we think the order or contract was susceptible of being construed as a divisible one. 35 Cyc. 265. It could not have been contemplated that the plaintiff could have ordered the garments as it "wanted" them, and thus, perhaps, delay payment indefinitely. The evidence excluded by the court would have tended to show the intention of the parties in this respect, and it is such intention that should have determined the question.

[3] We also think the court erred in excluding the testimony offered by defendants to show that the terms "3% cash" had a definite and well-understood meaning in the fur trade, and what was under-

stood in that trade by the term. The court stated: "We all know what cash means." That is true, but the term "3% cash" is quite different from the simple word "cash." But, even had the term been simply "cash," we think the testimony should have been admitted. Smith v. Clews, 114 N. Y. 190, 21 N. E. 160, 4 L. R. A. 392, 11 Am. St. Rep. 627. It is well known that in certain business pursuits cash may mean 10 or more days' time.

We also think the court erred in admitting the books of account of the plaintiff.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

DELANY, J., concurs. LEHMAN, J., concurs in the result.