[Civ. No. 5375.  First Appellate District, Division Two.—March 17, 1926.]

# E. CAMPION, Appellant, v. MARGARET C. DOWNEY, etc., Respondent.

[1] SALES—ACTION FOR PRICE—CONTRACTS—PAROL EVIDENCE—ADMISSIBILITY OF.—In an action upon a common count for goods sold and delivered, parol evidence on the part of the defendant in support of the affirmative allegations of her answer that she was to make reasonable efforts to dispose of the goods and that they should be paid for by her, as the goods were sold and paid for by purchasers thereof, and that if defendant was unable to sell the goods the vendor would send a special salesman to defendant's place of business to assist her in conducting a special sale of said goods, and that the vendor refused to do so, was admissible over plaintiff's objection that the invoice and written order constituted a contract and that such written instrument could not be varied by parol, where neither party had pleaded any written instrument and such writing was collateral to the issue.

[2] ID.—LETTER BY VENDOR—INVOICE FOR GOODS—BILL OF PARCELS.—In such action, a letter written by the vendor to defendant thanking the latter for the business and advising defendant that prepared ads were being sent under separate cover for use by defendant in a certain manner, and an invoice inclosed in such letter, constituted merely a "bill of parcels," and were not of such dignity as necessarily to indicate that all previous negotiations were merged in them.

[3] ID.—AGREEMENT OF PARTIES—PAROL EVIDENCE.—In such action, such parol evidence given on the part of defendant was admissible as showing that the written instrument relied upon by the vendor did not represent the agreement of the parties.

[4] ID.—RULING OF TRIAL COURT.—In such action, where the trial court, after argument by respective counsel of the question as to admissibility of such parol evidence, said: "I can't see there is any obligation created by these writings introduced in evidence. I don't think it is complete in itself," taking the language in connection with the context, the trial court was merely ruling that the writings were not of that class which made it improper to receive the parol evidence which the defendant was offering.

2. Parol evidence to modify or explain a bill of parcels, note, 19 Ann. Cas. 544.

[5] ID.—INSTRUCTIONS.—In such action, the trial court did not err in refusing to give plaintiff's requested instructions which presented his contentions regarding the admissibility of such parol evidence.

(1) 22 C. J., p. 1282, n. 86, 87, 89, p. 1292, n. 71.   (2) 22 C. J., p. 1135, n. 22.   (3) 22 C. J., p. 1215, n. 65.   (4) 38 Cyc., p. 1347, n. 63.   (5) 38 Cyc., p. 1707, n. 98.

APPEAL from a judgment of the Superior Court of Monterey County. Fred V. Treat, Judge. Affirmed.

The facts are stated in the opinion of the court.

Laurenz J. Krueger and J. A. Bardin for Appellant.

C. F. Lacey for Respondent.

STURTEVANT, J.—This is an action for goods sold and delivered. The defendant answered and the case was tried before the trial court sitting with a jury. The jury returned a verdict in favor of the defendant and from the judgment entered thereon the plaintiff has appealed under section 953a of the Code of Civil Procedure.

The plaintiff declared on a common count *indebitatus assumpsit*. The defendant interposed an answer in which she (1) denied specifically the allegations contained in the complaint, and then she alleged (2) affirmatively that the agreement between the parties was that this defendant should make reasonable efforts to dispose of the goods and that they should be paid for by the defendant as the goods were sold and paid for by the purchasers, and then she further alleged (3) that the agreement was to the effect that the defendant should endeavor to sell the goods and if she was unable to do so then on application the vendor would send a special salesman from his establishment in San Francisco to the defendant's place of business at Monterey to assist her in conducting a special sale of said goods, and upon his refusal to do so that the defendant had returned the goods to the vendor, costs prepaid.

The defendant was the proprietress of a millinery store at Monterey, California. On the twenty-first day of August, 1924, Mr. Rhodes, as a traveling salesman representing

Benioff Bros., wholesalers, transported the goods in question to Monterey and thereafter called on the defendant to come into his temporary salesroom for the purpose of selling to her a stock of furs. Thereafter certain articles were selected from the stock of the salesman and order No. 09175 was written out by Mr. Rhodes on a printed form. The order was as follows:

"David Benioff      Benioff Brothers      Fred Benioff
    The Wholesale Fur House of Superior Service
742 Market St.

San Francisco, Cal. Aug. 21, 1924.
Terms: 2% 10 days or 60 days net.   Order No. 09175.
Sold to Margaret C. Downey   When    At once
Address    · Monterey, Cal.      Via       Delivered.
                Sold by          B. A. Rhodes

| No. | Quan. | Description | Amount |
|-----|-------|-------------|--------|
| 3070 | 1 | Genuine Biege Caracul Jacquette | $97.50 |
|  |  | (Here follow other articles.) |  |
| 204x | 1 | Genuine Sable Brown Fox | 40.00 |
|  |  | Forw'd | 1493.50 |

"Receipt of above furs hereby acknowledged, title thereto not to pass from Benioff Bros. until receipt by me from them of regular Invoice covering same.

"MARGARET C. DOWNEY.   Signed."

Another paper, order No. 09176, was likewise written by Mr. Rhodes and an immediate delivery of the goods was made. The two orders totaled $1,800.50. On August 22, 1924, the vendor, on his letter-head, wrote a letter to the defendant as follows:

"San Francisco 8/22/24

"Mrs. Margaret C. Downey,
    "Monterey,
        "Calif.
"Dear Madam:
    "Enclosed find invoices for goods sold and delivered to you by our Mr. B. A. Rhodes. We not only wish to thank you for this valued business, but hope to always merit same. . . .

"Under separate cover by express prepaid we are sending you four or five prepared ads. All you have to do is to give them to the Newspaper and tell the Newspaper to insert your name under them.

"We feel that your results will be much greater if you run an ad every week. We are also sending you some fur hangers, with the prepared ads. . . .

"Assuring you of our appreciation of your valued business, hoping for a continuance of same, we beg to remain,

"Very truly yours,
"BENIOFF BROTHERS.
"By DAVID BENIOFF. . . . "

The invoices referred to in the letter were numbered 7443 and 7444. Both papers are similar in form and the only difference is the description of the goods and the prices. We therefore set forth one of the papers, 7443, which was in form as follows:

"David Benioff          Sutter 5994          Fred Benioff
                    Benioff Bros.
                    Wholesale Furriers          7443
     The Wholesale Fur House of Immediate Deliveries
Importers          Manufacturers          Exporters
49 Geary Street               San Francisco, Cal.
                              August 21, 1924.

Sold to Margaret C. Downey
Terms 2% 10 days or 60 days net.
Via Sold and delivered by our Mr. B. A. Rhodes,
                              Monterey, California.

---

If terms and prices are not exactly as agreed upon at time of delivery, notify us at once, otherwise settlement must be made by this bill.

---

3070     1 Genuine Biege Caracul Jacquette          97.50
                 (Here follow other articles.)
1303     1 Genuine Golden European Fitch Choker     11.50

---

                    Fowd.          1341.50
          "Sold and delivered to you by our
          Mr. B. A. Rhodes, August 21, 1924."

After the goods were placed on the shelf the defendant and the plaintiff's assignor had some correspondence regard-

ing the terms of the contract and the obligations of the re-
spective parties and a disagreement arising the defendant
packed the goods and returned them by express, charges
prepaid, to the vendor. The vendor declined to accept the
package and the record discloses that it is now held by the
express company.

[1] On the trial of the action the plaintiff called Mr.
Rhodes as a witness, and it also called Mr. Benioff, plain-
tiff's assignor. During the presentation of his case the
plaintiff introduced in evidence the documents above men-
tioned. After the above witnesses had been examined and
cross-examined plaintiff rested. Thereupon the defendant
took the stand in her own behalf and the following proceed-
ings were had. After certain preliminary questions had
been propounded to the witness, her attorney asked her to
state to the court and jury the conversation and the trans-
action that she had with Mr. Rhodes. The plaintiff ob-
jected on the ground that the invoice and copy order con-
stituted a contract and that such written instruments could
not be varied by parol. The objection was overruled and
the witness proceeded to state in detail the probative facts
sustaining the affirmative allegations alleged in her answer.
At this time the appellant repeats his contention that his
objection should have been sustained.

As we have shown above, neither party to the action had
pleaded any written instrument. "It has been held that
the rule against the admission of parol evidence to vary or
contradict a written contract does not apply where the writ-
ing as to which it is sought to introduce the evidence is col-
lateral to the issue involved and the action is not based
upon such writing. This rule has usually been applied in
cases where the action was not between the parties to the
instrument, in which case another exception would also
apply; but it has also been applied where the parties to the
action were the same as the parties to the writing, . . . "
(22 C. J. 1282, sec. 1713; Decennial Digest, Evidence, sec.
425; Key Digest, Evidence, sec. 425.) An examination of
the cases cited in the foregoing authorities abundantly sup-
port the contention of the respondent that the evidence was
properly admitted. *First Nat. Bank of Chicago* v. *Cali-
fornia Nat. Bank of San Diego,* 4 Cal. Unrep. 403 [35 Pac.
639], is directly in point. In that case the plaintiff pleaded

his cause of action in three different counts: (1) Upon a promissory note; (2) a cause of action upon an overdraft, and (3) a cause of action on a common count as for moneys loaned. The first and third counts related to the same indebtedness. On the trial of the action the plaintiff introduced testimony in reference to the negotiations on the part of the plaintiff and the defendant of and concerning the loan. The defendant objected on the ground that such evidence tended to vary a written instrument to wit, the promissory note which had already been admitted. Mr. Commissioner Searls, speaking for the court, said: "We do not see that it did anything of the kind. The third cause of action was for money loaned by plaintiff to defendant. This evidence tended to support that cause of action; and the fact that defendant contended that it was not a loan by plaintiff, but a purchase of the promissory note in question, did not militate against the admissibility of the evidence." (*Moore* v. *Copp*, 119 Cal. 429 [51 Pac. 630]; *Wintermute* v. *Standard Furniture Co.*, 53 Wash. 539 [102 Pac. 443, 444]; *National Bank of Commerce* v. *Gougar*, 51 Wash. 204 [98 Pac. 607, 608].)

[2]   There is another reason why the evidence was properly admitted. The letter written by Benioff Bros. inclosing the invoice constituted the written contract giving to appellant's contention the broadest interpretation the facts will warrant. However, that letter and invoice constituted merely what the books term a "bill of parcels," and were not of such dignity as necessarily to indicate that all previous negotiations were merged in them. (*Leavitt* v. *Fiberloid Co.*, 196 Mass. 440 [15 L. R. A. (N. S.) 855, 864, and cases there cited, 82 N. E. 682].) All of the courts seem to have made a distinction which is patent between a formal bill of sale and a bill of parcels when considering the rule. (*R. M. Davis Photo Stock Co.* v. *Photo Jewelry Mfg. Co.*, 47 Colo. 68 [19 Ann. Cas. 540, and see note, p. 544, 104 Pac. 389]; see, also, the following leading cases: *Sutton* v. *Weber*, 127 Iowa, 361 [101 N. W. 775]; *Rosenberg* v. *Capital Cut Stone & Granite Co.* (Ariz.), 238 Pac. 330; *Routledge* v. *Worthington Co.*, 119 N. Y. 592 [23 N. E. 1111]; *H. Leonard Simmons Co.* v. *Goldfarb*, 150 N. Y. Supp. 547; *Boulware* v. *Victor Automobile Mfg. Co.*, 152 Mo. App. 567 [134 S. W. 7].) A case not so similar in its facts, but never-

theless presenting the same principles, is *Luitweiler etc. Co.
v. Ukiah etc. Co.,* 16 Cal. App. 198 [116 Pac. 707, 712].

[3] Finally, there is yet another rule that has been
adopted by our supreme court and which sustains the posi-
tion of the respondent. We refer to the rule stated in the
case entitled *Providence Jewelry Co.* v. *Nagel,* 157 Cal.
497 [108 Pac. 312]. The facts in that case were much
stronger in favor of the vendor than the facts in the in-
stant case. After stating the facts, Mr. Justice Allen,
speaking for the court, said: "The testimony of the defend-
ant's witnesses which was accepted by the court as true
clearly indicates that the minds of the parties did not meet;
that there was in fact no contract between them as appears
in the written order, and that the same was executed under
such circumstances as would estop plaintiff from claiming
any benefit thereunder. It seems clear that a fraud was
practiced upon defendant by this representative of plain-
tiff, and that his signature to the order was procured by
misrepresentation and fraud sufficient to vitiate the instru-
ment. The defendant had a right to rely upon the repre-
sentations of plaintiff's agent that the written instrument
presented for signature was but an order to send the goods
for sale on commission and plaintiff, in an action between the
original parties, is not in a position to say that, having
practiced this fraud, defendant must still be bound because
he did not distrust plaintiff and signed without an indepen-
dent examination."

The appellant earnestly contends that he is supported by
*International Filter Co.* v. *Crystal Ice & Cold Storage Co.,*
157 Ill. App. 96; *Hess* v. *Liebmann,* 84 N. Y. Supp. 178,
and *Fairbanks Steam Shovel Co.* v. *Holt & Jeffery,* 79
Wash. 361 [L. R. A. 1915B, 477, 140 Pac. 394]. We have
carefully examined those cases and we think that each one
rests on the conclusion of the court that the facts showed
the writings involved to be bills of sale and not merely bills
of parcels.

[4] After the appellant had made the objection above
referred to and after counsel for the plaintiff and counsel
for the defendant had argued the question of law involved,
the trial court said: "I can't see there is any obligation
created by these writings introduced in evidence. I don't
think it is complete in itself." Taking the language in

connection with the context, we think it is quite clear that the trial court was merely ruling that the writings were not of that class which made it improper to receive the parol evidence which the respondent was offering. The appellant apparently so understood the remark because his attorney made no objection and took no exception to the remark made by the court.

[5] The appellant also asked the trial court to give four instructions which presented the appellant's contentions regarding the admissibility of the evidence which we have discussed above. The trial court declined to give the instructions and that ruling is assigned as error. For the reasons which we have stated above the trial court did not commit any error in refusing to give the requested instructions.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 14, 1926.