The Keystone Implement Co. v. Leonard.

---

THE KEYSTONE IMPLEMENT COMPANY, Appellant, v. LEVERITT LEONARD, Respondent.

Kansas City Court of Appeals, April 14, 1890.

1.  Warranty: CONSISTENT DEFENSES. In an action for the purchase price of a machine, a defense upon a breach of the warranty of the machine and another defense upon the fact that the machine was bought for specific purposes made known at the time to the plaintiff, and that it proved utterly worthless for that purpose, are consistent defenses, and the last named is not to be confounded with an implied warranty.

2.  Defense: NO RETURN OF WORTHLESS MACHINE. That a machine was of no value for the purpose for which it was purchased is a valid defense as showing a failure of consideration and this whether the defendant offered to return the machine or not, or failed to notify plaintiff of its worthlessness. But where the article bought is of any value for any other purpose, then the vendee cannot retain it and interpose the defense of total failure of consideration.

3. **Practice:** EVIDENCE: OBJECTION: INSTRUCTION. Although evidence was introduced upon an erroneous assumption, objection thereto cannot be made for the first time in the appellate court, and it is not error to refuse instructions that are but repetitions of others given.

4. **Warranty:** RETURN OF ARTICLE: REASONABLE TIME. A vendee is entitled to a reasonable time in which to test the machine and determine whether it fills the requirements of the warranty, and the retention of it for that purpose during that time could not be *held* an acceptance, and the vendor cannot be heard to complain of delays in returning the article occasioned by himself.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Ramsay & Getman,* for the appellant.

(1) Legal propositions relied upon. Where the warranty is in writing, it cannot be enlarged or varied by parol. 1 Parsons on Contracts [6 Ed.] 590. Nor can a warranty be implied. Benj. on Sales [3 Am. Ed.] sec. 666. An express warranty of the quality of the chattel excludes any implied warranty of its fitness for its intended use. *International Co. v. Smith, B. R. & M. Co.,* 17 Mo. App. 264; *Johnson v. Latmer,* 71 Ga. 470. (2) If a buyer upon breach of warranty seek to return the goods it must be done forthwith or without unreasonable delay. 1 Parsons on Contracts, 592, and note; *Johnson v. Whitman,* 20 Mo. App. 100; *Warder v. Fisher,* 48 Wis. 338. There must be no delay if the purchaser exercises this right. Delay in so doing, or any act equivalent to acceptance, employment or disposition of the goods after he knows, or should know their deficiency, if any exists, would be construed either into an admission that there was no deficiency or the waiver of his right to rescind the sale because of such deficiency. 1 Parsons on Contracts

The Keystone Implement Co. v. Leonard.

[ 6 Ed.] 594; *Cookingham v. Susaa*, 21 Pac. Rep. 95; *Soper v. Breckenridge*, 4 Mo. 17. If a purchaser has not returned the goods within a reasonable time, the measure of damages is the difference between the price paid, or to be paid and the real value. 1 Parsons on Contracts [ 6 Ed.] 592. Where notice of defects was given to vendor, it was held that buyer, continuing to use the machine, was deprived of right to return it, but not estopped from reducing amount of recovery. *Aultman v. Thiver*, 34 Iowa, 272.

*Sam'l Boyd* and *F. P. Sebree*, for the respondent.

( 1 ) The brief of the appellant is misleading in the statement of facts. The respondent did not hold this machine from December until March before offering to return it; and furthermore after he offered to return it, he held it at the request of plaintiff. ( 2 ) The second defense relied upon by defendant, viz. : That the machine was of no value for the purpose for which it was purchased, was fully sustained by the evidence, and the second instruction of the defendant was properly given. *Compton v. Parsons*, 76 Mo. 455 ; *Murphy v. Gay*, 37 Mo. 535 ; *Kerr v. Haymaker*, 20 Mo. App. 350 ; *Barr v. Baker*, 9 Mo. 850.

SMITH, P. J.—The plaintiff sued defendant for the price of a fodder cutter. The defendant admitted the purchase of the machine, but denies that he owes plaintiff anything on account thereof, and pleaded and offered evidence to sustain two defenses: *First.* That the machine was bought with a warranty that it was the finest machine ever presented to the public, strongly and durably made, would do good work, etc., and that if it did not do good work as warranted the plaintiff on notice would make it work properly ; and that it failed to work and was a failure as a cutting machine, and that defendant notified plaintiff, and he failed to make it

work, and that defendant offered to return the machine and is still ready and willing to return it; and, *second*, that the machine was bought for the purpose of cutting fodder and carrying it into the barn, and that for that purpose the machine was of no value, and that defendant after ascertaining that fact offered to return it to the plaintiff. There seems not to have been filed a replication to the defendant's answer, or if so we can find no trace of it either in the plaintiff's abstract or in the suppletive one of defendant. However this may be, the evidence tended to show the contract of warranty and the breaches thereof substantially as alleged in the answer.

It appears therefrom that the machine was delivered to the defendant about the seventeenth of November, 1887, at his farm, where it was set up and run between that day and the month of March following, some twenty-five days in all. It seems to have been bad in make and material and did not do its work properly. It was constantly breaking and out of order. It required twenty-five days to do the work which it should have done in half that time. It was, as a cutting machine without value. After the defendant had subjected it to a fair trial and found that it did not meet the requirements of the warranty, notice was given to the agent of the plaintiff of that fact, accompanied with an offer to return it to plaintiff. That, after the defendant ascertained that it was worthless and had offered to return it, he continued to occasionally run it up to March, 1888. The reason why he continued to use the machine was that the plaintiff's agent urged him to do so, stating that it would work if defendant "would not get blue." There was some other evidence which need not be stated as it is not important or necessary to the proper consideration of the questions which will be presently noticed. The verdict of the jury under the instructions, which need not be set forth,

was for the defendant, and after an unsuccessful motion to set the same aside, judgment was rendered thereupon to reverse which this appeal is prosecuted.

I. The plaintiff contends that the case was tried upon the theory that there were two warranties instead of one, or in other words that there was an express and implied warranty. This is a misconception of the theory upon which the court proceeded in the trial.

The answer, the instructions and evidence all show that the case went to the jury upon the idea that there were two separate and distinct defenses interposed by the defendant, one based upon the warranty and the other upon the fact that the machine was bought for a specific purpose made known at the time to the plaintiff, and that it proved utterly worthless for that purpose. These were consistent defenses.

The plaintiff seems to confound the last-named defense with that of an implied warranty, when no such defense was interposed. The defense that the machine was of no value for the purpose for which it was purchased was well sustained by the evidence, The defendant's second instruction accorded with this theory. Such a defense was valid as showing a failure of consideration, and this whether the defendant offered to return the machine or not, or failed to notify plaintiff of its worthlessness. *Barr v. Baker*, 9 Mo. 850; *Murphy v. Gay*, 37 Mo. 535; *Compton v. Parsons*, 76 Mo. 535; *Keen v. Haymaker*, 20 Mo. App. 350.

This rule is subject, however, to the qualification that if the article bought and sold is of any value for any other purpose, then the vendee cannot retain it and be permitted in an action for the purchase price by the vendor to interpose the defense of a total failure of consideration. In such case he must either return, or offer to return, the article to the vendor within a reasonable time after he discovers the worthlessness of the same for the purpose for which it was bought and sold.

*Brown v. Weldon*, 99 Mo. 564. Whether the machine
in the present case was of some value for any other
purpose than that which it was purchased the evi-
dence does not very clearly show, but if it was then
his instruction was not erroneous, because it directed
the jury, that, before it could find for the defendant,
it must believe from the evidence that he offered
to return the machine. Besides this if the evidence
was introduced upon the erroneous assumption that
one of the defenses was that of an implied warranty,
there was no objection made to such evidence in any
form and that objection is not available now, being made
here for the first time. But such objection in view of
the answer would have been without force, no difference
when made. The plaintiff further complains that the
trial court erred in refusing to give two of the instruc-
tions asked by it. It is a sufficient answer to this to say
that they were but repetitions of a like number which
were given for plaintiff.

II. The plaintiff further contends that the defend-
ant did not offer to return said machine within a rea-
sonable time after he discovered that it did not fulfill
the terms of warranty. The defendant was entitled to
a reasonable time in which to test the machine and
determine whether it filled the requirement of the war-
ranty, and the retention of it for that purpose during
that time could not be held an acceptance. *Phil.
Whiting Co. v. Leadworks*, 24 Nev. 881; *Osborn & Co.
v. McQueen*, 29 Nev. 636; *Skeen v. Springfield E. & T.
Co.*, 34 Mo. App. 485. The uncontradicted evidence
was that the defendant at the urgent request of the
plaintiff continued the use of the machine during the
entire time occupied by him in cutting his corn. We are
satisfied from an examination of the evidence that the
delay of the defendant in not promptly returning the
machine was occasioned by the request of the plaintiff,
which furnishes a complete excuse and justification

therefor. Surely the plaintiff cannot be heard to complain of delays that he occasioned. The ordinary presumption arising from the use of the machine was met. and overcome in this case by the attending circumstances of that use as shown in the evidence.

But, as has already been remarked, the question of a reasonable time, either as one of law or of fact in respect to the return of said machine by defendant, is not properly before us, or if it is then the plaintiff's second instruction taken in connection with those given for defendant sufficiently enlightened the mind of the jury in relation to it so that there is really no grounds for complaint on that account. The case was in the main fairly tried, and we can discover no grounds justifying our interference with the judgment which must be affirmed. All concur.