AULTMAN, MILLER & COMPANY, Plaintiffs in Error,
v. J. A. HUNTER, Defendant in Error.

Kansas City Court of Appeals, February 5, 1900.

1. Sales: IMPLIED WARRANTY: EXPRESS AGREEMENT: RE-
COUPMENT. The sale of a harvester carries with it an implied
warranty that the machine was reasonably fit for the purpose for
which it was sold, and in so far as it falls short of this warranty
its diminution in value goes to the reduction of the purchase price;
and a subsequent agreement to fix the harvester so that it will
bind, etc., at the next harvest is not inconsistent with the implied
warranty but is distinct and separate therefrom and the two can
stand together.

2. ———: ———: PARTIAL PAYMENT: FAILURE OF CONSID-
ERATION. Where in an action to recover the purchase price of a
machine the partial payments equal the value of the machine, there
is such failure of the consideration that there can be no recovery.

Error to the Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*H. W. Currey* for plaintiffs in error.

(1) Instructions number one and two given by the
court are erroneous, because the defendant relied on an ex-
press warranty that the machine would bind and do good
work, and the implied warranty that the machine was fit for
the use for which it was sold was merged in said express war-
ranty. Pavement Co. v. Smith, 17 Mo. App. 264; Lee v.
Saddlery Co., 38 Mo. App. 201. (2) By accepting the
agreement set out in record, the defendant waived the implied
warranty that the machine was fit for the use for which it was
bought, and also the express warranty given at time of de-
livery of machine. Boyer v. Neel, 50 Mo. App. 26.

GILL, J.—This is an action to recover on two promissory notes executed by the defendant for the purchase price of a certain harvesting machine which the plaintiff sold to defendant in the summer of 1885. The defense pleaded was that the machine was wholly worthless for the purpose for which it was sold and also that plaintiff promised to make it do good work by the beginning of the harvest season of 1886, which was not done.

It seems that in May or June, 1885, just before the wheat harvest of that year, the defendant took the machine to his farm on trial. He used it during the harvest of that year, though the evidence tends to prove that it worked badly. After the season had passed, that is, in August, 1885, the agent for the company went to the defendant and induced him to keep the machine, he, the defendant, at the time executing two notes of $90 each (which covered the contract price) one due August 1, 1886, and the other due August 1, 1887, and the agent at the same time gave to defendant this writing:

"August 17, 1885.

"I hereby agree that we will fix the Buckeye Elevator Binder sold to Mr. J. A. Hunter, so that it will bind and do good work at the commencement of the next harvest.

(Signed) "Nick Johnson, G. A."

The machine was used again in the season of 1886, but according to defendant's evidence worked very poorly. However, the defendant seems to have made a small payment on one of the notes and this was renewed in May, 1887, for a balance of $61. The evidence shows that at the request of plaintiff's agents and their promises from time to time to make the machine work, the defendant continued to use it, but the same proved worthless until it was cast aside and defendant secured another of different make. On evidence tending to prove the foregoing facts the case was submitted to the jury, resulting in a finding and judgment for defendant, and plaintiff brought the case here by writ of error.

I. The chief complaint is that the trial court by instructions erroneously submitted to the jury the matter of an implied warranty where there was an express warranty. It is in effect claimed, that, because the plaintiff's agent executed the writing of August 17, 1885, by which he agreed "to fix the binder so that it will bind and do good work at the commencement of the next harvest," it was intended to abandon the implied warranty that the machine was fit for the use for which it was sold, and that the purchaser could thereafter rely only on said written undertaking.

We think there is no merit in this contention, and that the trial judge properly told the jury that by the sale of the machine the law implied a warranty on the part of the vendor that said harvester was reasonably fit for the purposes for which it was sold, and that in so far as it fell short of this warranty its diminution in value should go to the reduction of the purchase price. The undertaking to repair, as contained in the writing of August 17, 1885, in no way supplanted the warranty which the law implied when the machine was delivered to defendant. Neither were these agreements in any way inconsistent. There is no reason why they may not both exist at the same time. By the sale of the machine there was an implied warranty that it was reasonably fit for the purpose for which the one party sold and the other party purchased it. It was subsequently discovered that the binder was imperfect and failed to do good work. The plaintiff, by its agent, then declared and promised by the writing that it would repair the machine before the next season so that it would answer the original warranty and do good work. In Pavement Co. v. Smith, 17 Mo. App. 264, it was said: "The general rule denies an implied warranty as to any matter or particular which may be brought within the purview or intendment of the special warranty. But there may be an implied warranty so wholly independent of anything contemplated in the express warranty as to stand by virtue of its own distinctive force."

In other words, the two warranties may be so distinct and separate that both may stand at the same time and both be enforced. Keystone Implement Co. v. Leonard, 40 Mo. App. 477; Lee v. Saddlery Co., 38 Mo. App. 201-205.

II.  The evidence for defendant tended to prove (and the jury so found) that the machine was worth nothing over and above the amount which the defendant paid. That being so, then there was such a failure of consideration that plaintiff was not entitled to recover for the balance of the purchase price.

On the facts found by the jury, the judgment is for the right party and will be affirmed. All concur.