ROBERT M. BOULWARE, Respondent, v. VICTOR
AUTOMOBILE MANUFACTURING COMPANY,
Appellant.

Springfield Court of Appeals, January 3, 1911.

1. **NEW TRIAL: Conduct of Witness: Discretion of Trial Court.**
The trial court sustained a motion for a new trial on the
ground that the president of defendant company, while tes-
tifying as a witness, had prejudiced the jury against the plain-
tiff by laughing, making gestures and grimaces, which belittled
plaintiff in the eyes of the jury. *Held*, that as such matter
was peculiarly within the knowledge of the trial judge, his
action in sustaining the motion will not be disturbed.

2. **EVIDENCE: Contract: Written Order for Goods: Warranties:
Parol Evidence to Show Other Warranties.** Ordinarily a writ-
ten order for goods is not such a formal contract between the
parties as will merge all previous oral agreements or warranties,
and thus preclude admission of oral testimony tending to estab-
lish a warranty that is not included in the order signed by one
party and accepted by the other.

3. ———: ———: ———: ———. Although a written order
for an automobile contained a warranty that the machine would
be in perfect running order when shipped, this did not preclude
testimony of an oral warranty made by the manufacturer that
the machine would be suitable for use upon roads of a certain
character.

4. ———: ———: **Varying Written Contract by Parol.** When
the written contract shows upon its face that it includes the
entire agreement of the parties and expresses all of the obliga-
tions assumed by either of them, to permit a party to recover
upon an obligation not therein expressed and to prove this
obligation by parol testimony would be to vary by parol the
terms of the written contract made by the parties, which can-
not be done.

5. **CONTRACTS: Warranties: Express and Implied Warranties
Existing Together.** An expressed warranty and an implied
warranty may exist together when not inconsistent. An ex-
pressed warranty to exclude an implied warranty must be of
such a character as to make it apparent that the expressed
warranty contained all the obligations assumed by the war-
rantor.

6. ————: ————: Warranty of Fitness for Special Purpose. When a party manufactures and sells to another party a machine to be used for a particular purpose, and the manufacturer is informed of the purpose for which the purchaser wants it, there is an implied warranty that the machine will be reasonably fitted for the purpose for which it was purchased.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin*, Judge.

AFFIRMED.

*Albert B. Chandler* for appellant.

(1) Where a written contract is shown, evidence of representations looking to a former different oral contract relating to the same subject-matter is inadmissible. Egger v. Egger, 123 S. W. 937; Biddle on Warranties, sec. 65; Standard v. Fireproofing Co., 177 Mo. 571; Laclede Co. v. Tie Co., 185 Mo. 61; 1 Greenleaf on Evidence, sec. 275; 2 Phillips on Evidence (Edw. Ed.), 637; Tracy v. Iron Works, 104 Mo. 199, 29 Mo. App. 342; Johnson County v. Wood, 84 Mo. 515; Bronson v. Implement Co., 135 Mo. App. 486. (2) Where there is a written contract of sale and warranty, nothing is implied and in the absence of fraud in the inducement, the entire understanding of the parties is merged in the writing. The plaintiff therefore, in proving the written contract proved himself out of court. Robinson Co. v. Ligon, 124 S. W. 590; Boyer v. Neel, 50 Mo. App. 35; Pavement Co. v. Smith, 17 Mo. App. 264; Beck & Corbitt v. Holbeck, 109 Mo. App. 179; Fairbanks, Morse & Co. v. Baskett, 98 Mo. App. 70.

*Chilton Atkinson, John M. Wood* for respondent.

(1) When a contract for the sale and future delivery of an article is made and the article is purchased for a specific purpose known to the vendor, there is an implied warranty that it will be reasonably fit for that

purpose.  Creasy v. Gray, 88.Mo. App. 459; Comings
v. Leedy, 114 Mo. 454; Chapin v. Dobson, 78 N. Y. 82.
(2)  The reduction of one feature of an entire transac-
tion to writing in part execution thereof does not pre-
clude proof by parol of the other features and the en-
forcement of the intention of the parties, as evidenced
by the whole transaction.  Smith v. Pfluger, 2 L. R. A.
(N. S.) 783; Walker v. France, 112 Pa. St. 203; Cull-
man v. Lindsay, 116 Pa. St. 166.  (3)  The paper in
evidence, described by appellant as a written contract,
referred to a "Model E. Victor Automobile." This is not
a specific description whose meaning is a matter of com-
mon understanding.  Therefore, appellant's assurances
that a machine of that designation would be of first class
workmanship and material and so constructed as to
run noiselessly and over sandy branches, etc., must be
taken as part of the description.  Pike v. Fay, 101 Mass.
134; Leavitt v. Fiberloid Co., 196 Mass. 445.

COX, J.—This is an action to recover the purchase
price paid by plaintiff to defendant for an automobile;
trial was had before a jury, and verdict returned in de-
fendant's favor.  The court then sustained a motion for
a new trial filed by plaintiff, and from that action of the
court defendant has appealed.

Plaintiff, in his motion for new trial, alleged twelve
reasons why a new trial should be given, and the court,
in its order sustaining the motion, recited that it would
sustain it upon the first, third, fourth, fifth, eighth,
ninth, tenth, eleventh and twelfth grounds.  Part of
these grounds alleged that the jury had been influenced
and prejudiced against the plaintiff by reason of the
conduct of witness, J. F. Harrington, president of de-
fendant company, by laughing, making gestures and
grimaces while on the stand testifying as a witness
which belittled plaintiff in such a way that the jury
were thereby prejudiced against him.

The trial court must be allowed a very wide discre-
tion in the matter of sustaining motions for a new trial,

and when a motion for a new trial is sustained upon
some ground, the force and effect of which lies peculiarly
within the knowledge of the trial court, his action in
sustaining the motion will not be disturbed, provided it
is a ground that, if found to be true, might well influence
the action of the trial judge.

In this case, whether or not the conduct of the
president of the defendant company, while on the stand,
was of such a character as to captivate the jury and to
lead them to discredit plaintiff's testimony was a matter
peculiarly within the knowledge of the trial judge, and
we assume that he was honest in holding that the plain-
tiff's case had been injured in such a way as to indicate
that he had not had a fair trial, and his action in sus-
taining the motion for a new trial upon this ground
must be affirmed.

Since the case is to be retried it becomes important
that the other questions urged in this court should re-
ceive attention. The controversy in this case upon its
merits rests upon whether or not defendant made cer-
tain warranties at the time plaintiff ordered the auto-
mobile. The plaintiff, in his petition, alleges that on
or about the 8th of April, 1909, defendant offered to
build and construct for and deliver to plaintiff at the
city of Canton, Missouri, for the sum of $725. an auto-
mobile to be warranted by defendant to be of first class
material and workmanship, the engine and other ma-
chinery and other appliances to properly perform their
functions, and the automobile to run readily without
difficulty and satisfactorily to plaintiff over the roads
(heretofore described by plaintiff to defendant) upon
which plaintiff desired to run the car that he might pur-
chase; that he relied upon this warranty and paid $250.
of the purchase price at the time he gave the order for
the machine, and paid the balance when it was delivered
to him, and that the machine, after thorough trial, had
wholly failed to comply with the warranty as made by
the defendnt. That he had offered to return it, and

had notified defendant that he had rescinded the contract.

The evidence showed that plaintiff lived upon a farm some miles distant from Canton, Missouri; that he went to Saint Louis for the purpose of purchasing an automobile to use upon the roads between his home and the city of Canton; that he intended to purchase from another company but they did not have the machine that he wanted, and that he then incidentally fell into the place of business of defendant, and after some considerable time spent in negotiations, during which time Mr. Harrington, the president of defendant company, explained to plaintiff the merits of the automobile manufactured by defendant and took plaintiff in one of his machines for a ride out to Forest Park and back; that during this conversation plaintiff explained to Mr. Harrington that he wanted an automobile that would run upon the roads between his home and the city of Canton; that the road was crossed by some branches and that there was sand in the road at these places and that he wanted a machine that would run over these sandy places in the road without difficulty, and that Mr. Harrington assured him that the machine he was proposing to manufacture for him would run over those roads readily and to the satisfaction of plaintiff; that plaintiff relied upon this representation and was induced by it to purchase the machine; that he did purchase it; that they agreed upon the price and that there at the office of defendant in the city of Saint Louis they presented to him and he signed an order for the machine. This order was as follows:

"Orders are accepted subject to delay from strikes, labor troubles, or other unavoidable causes.
ORDER.
Entered
100 Com.
Ch. 250

"Victor Automobile Mfg. Co.,

St. Louis, Mo.

"Dear Sirs:

Enclosed find draft for two hundred fifty dollars, being first payment on one Victor Automobile.

Model E. 20-24 Horse Power.

Equipped with water cooled engine.    Track 5' 20".

The balance, $475.00 I will pay you on arrival of car.

Remarks— Wine color, with black and gold strip.

Name in full, R. M. Boulware.

Street———, Town, Canton.

County, Clark, State, Mo.

Railroad.......... ......

Guarantee—Our automobiles are thoroughly tested before leaving the factory and we warrant them to be in perfect running order when shipped, but should any imperfection appear in material or workmanship within a period of one year from date of shipment, we will repair or replace parts free of charge, at our factory, such parts to be returned, charges prepaid.    This does not apply to batteries or spark plugs.    We will not be responsible for any repairs or alterations made outside our factory.

(In pencil) Bank of Lewis Co., Canton, Mo."

That plaintiff went home and some time afterward the automobile was sent to him and he remitted the balance of the purchase price took the automobile and with the assistance of two men who had had experience in running automobiles, undertook to run the machine and that it was an absolute failure.    That he then notified defendant that he rescinded the contract and demanded back the purchase price and they refused to pay it.

The contention of appellant in this court is that the order for the machine signed by plaintiff constituted the entire contract between plaintiff and defendant and that the guarantee which appears at the bottom of the order is the only guarantee to which defendant can be

held in this transaction, and that the petition in this case, being bottomed upon a warranty not described therein, and the evidence in the case showing that plaintiff did not attempt to comply with the guaranty which appears on the order which he signed, that the judgment of the circuit court should be reversed and the cause remanded with directions to enter judgment for defendant.

Ordinarily a written order for goods is not such a formal contract between the parties as will merge all previous oral agreements or warranties between them, and thus preclude the admission of oral testimony tending to establish a warranty that is not included in the order signed by one party and accepted by the other. [Leavitt v. Fiberloid Co., 196 Mass. 440, 82 N. E. 682; Routledge v. Worthington, 119 N. Y. 592, 23 N. E. 1111; Chapin et al. v. Dobson, 78 N. Y. 74.] Therefore, if nothing appeared upon this order except that part which appears above the signature of plaintiff there would be no question that plaintiff could be permitted to show a warranty on the part of defendant not named or expressed in the order; but the contention of defendant is that the printed guarantee which appears on the order below the signature of plaintiff expresses the entire obligation assumed by the defendant, and that it does not cover the warranty sued upon. If this position is correct then plaintiff cannot recover in this action for the law is that where the written contract shows upon its face that it includes the entire agreement of the parties and expresses all the obligations assumed by either then to permit a party to recover upon an obligation not therein expressed and to prove this obligation by parol testimony would be to vary by parol the terms of the written contract made by the parties which cannot be done. [Iron Co. v. Holbeck 109 M. A. 179, 82 S. W. 1128.] While this is true it is also true that an express warranty and an implied war-

ranty may exist together when not inconsistent. [Miller & Co. v. Hunter, 82 Mo. App. 632.]

An express .warranty, to exclude an implied warranty, must be of such a character as to make it apparent that the express warranty contains all the obligations assumed by the warrantor. [Fairbanks, Morse & Co. v. Baskett, 98 Mo. App. 53, 69, 71 S. W. 1113; International Pavement Co. v. Smith Machine Co., 17 Mo. App. 264.] If we concede defendant's position and hold that the guarantee printed upon the order signed by plaintiff is a part of the contract, yet it will be noted that it only purports to express an obligation upon the part of the defendant, and does not show upon its face that it is exclusive. It says, "Our automobiles are thoroughly tested before leaving the factory, and we warrant them to be in perfect running order when shipped". This is a general statement and sounds more like an advertisement put forth for the purpose of inducing customers to purchase their product than like a warranty of a particular machine sold under the order signed by the purchaser in this case, and there is nothing in it which excludes the idea that the defendant might not give a warranty other than that therein expressed. This supposed warranty was not written in the body of the order, was not signed by the defendant, but as before suggested appears to be put forth more in the form of a general statement, and to our mind does not assume the dignity of a contract, but is merely a representation on the part of defendant that all machines put out by them are thoroughly tested and known to be in good running order before leaving their factory. We think defendant bound by this representation just as he would be by any other representation made to a prospective purchase, but when we look to the circumstances surrounding the contract made between these parties, and consider that the machine ordered was to be manufactured after the order was given, the statement in this guarantee adds nothing to the obli-

gation of the defendant.   Anyone manufacturing and selling a machine is held in law to warrant that the machine is reasonably fit for the ordinary purposes for which such a machine is put upon the market and sold, so that if this purported guarantee on the part of the defendant had been entirely omitted, and plaintiff had ordered the machine without any warranty at all, the defendant would have been bound, when sending him the machine, to send one that was in "perfect running order when shipped".   It is further contended by appellant that the remaining part of this supposed warranty which provides "but should any imperfection appear in material or workmanship within a period of one year from date of shipment, we will repair or replace parts free of charge, at our factory, such parts to be returned, charges prepaid. This does not apply to batteries or spark plugs. We will not be responsible for any repairs or alterations made outside our factory" bound the plaintiff in case the machine was not satisfactory, or was in any way defective, to return it to the factory of the defendant, and give them an opportunity to repair it. Had plaintiff agreed to do this there is no question that he would have been bound by his agreement, and would have been required to perform, or offer to perform, upon his part before he could complain of the failure of defendant to send him a perfect machine, but it will be noticed that the language does not require the plaintiff, in case the machine is defective, to return it, but the statement above quoted is simply an offer on the part of defendant to make repairs free of charge should any defects appear within one year.   This does not prevent the plaintiff from standing upon his contract, and if the machine is defective, to avail himself of whatever redress the law gives him notwithstanding the kind offer of the defendant to repair free of charge.

Plaintiff's petition is grounded upon what he denominates a warranty that the automobile would run upon the sandy roads between his home and the city

of Canton, and that the machine should run to the satisfaction of plaintiff. It is familiar law that when a party manufactures and sells to another party a machine to be used for a particular purpose, and the manufacturer is informed of the purpose for which the purchaser wants it, there is an implied warranty that the machine will be reasonably fitted for the purposes for which it was purchased. [Iron Co. v. Holbeck, 109 Mo. App. 179, 82 S. W. 1128; Aultman, Miller & Co. v. Hunter, 82 Mo. App. 632; St. Louis Brewing Ass'n v. McEnroe, 80 Mo. App. 429; Skinner v. Glass Co., 103 Mo. App. 650, 77 S. W. 1011; Comings v. Leedy, 114 Mo. 454, 21 S. W. 804.] And it has also been held that when a party sues for the purchase price of a machine sold for a particular purpose the defendant may show, under a plea of failure of consideration, that the machine was purchased for a particular purpose, and that it was valueless for that purpose, and further that this defense may be asserted in addition to an express warranty in the same transaction provided the two are not inconsistent. [Keystone Implement Co. v. Leonard, 40 Mo. App. 477.]

Our conclusion is that the order signed by the plaintiff in this case is not of such a character as to preclude testimony of an oral warranty made by the agent of defendant at the time the machine was ordered, and hence, proof that the plaintiff bought the machine for the purpose of using it upon roads of a certain character and that defendant warranted the machine to be suitable for that purpose, was competent under the pleadings in this case. The judgment of the trial court in sustaining a motion for a new trial will be affirmed. All concur.