### HARRIS et al. v. MARSH et al.

(Circuit Court of Appeals, Eighth Circuit. September 7, 1914.)

No. 3958.

1. EVIDENCE (§ 442*)—WRITTEN CONTRACT—PAROL EVIDENCE.

Alleged contracts to purchase jewelry were written orders constituting a memorandum, made up of abbreviations, statements of quantities, and a large number of figures, referring to styles in a catalogue. Neither the prices nor terms of sale were stated in the orders themselves, and without the catalogue, which was neither made a part of nor referred to in the orders, they were unintelligible; nor did they contain any reference to warranties. *Held*, that such orders did not constitute an entire written contract, so as to preclude parol proof that the goods were sold under a warranty of quality and a breach thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1897; Dec. Dig. § 442.*]

2. SALES (§ 288*)—ACCEPTANCE—WARRANTY—BREACH.

A buyer may accept delivery of goods sold under a warranty of quality, notwithstanding their failure to comply with the warranty, and invoke the seller's breach of warranty by way of counterclaim in reduction of damages, when sued for the price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. § 288.*]

3. APPEAL AND ERROR (§ 274*)—QUESTIONS RAISED AT TRIAL—EXCEPTIONS.

Where, in a suit for the price of goods sold, the trial court excluded evidence of breach of a parol warranty, on the ground that the contract

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of sale was in writing and contained no warranty, and defendants excepted many times to the court's ruling sustaining objections to questions by which it was sought to prove the warranty and breach, their right to review the court's ruling was not lost by reason of failure to except to the court's subsequent ruling directing a verdict for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605, 1606, 1607, 1624, 1631–1645; Dec. Dig. § 274.*]

In Error to the District Court of the United States for the Western District of Missouri; Smith McPherson, Judge.

Action by Charles A. Marsh and others against P. Stephen Harris and others. Judgment for plaintiffs, and defendants bring error. Reversed.

Battle McCardle, of Kansas City, Mo., for plaintiffs in error.

P. E. Reeder, of Kansas City, Mo. (New & Krauthoff and M. H. Winger, all of Kansas City, Mo., on the brief), for defendants in error.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge. This suit was brought by defendants in error against plaintiffs in error to recover the purchase price of certain jewelry alleged to have been sold and delivered by the former to the latter. A lengthy itemized account, showing the articles sold, the dates of sales, and agreed price for each was filed with the petition as an exhibit. Defendants answered, pleading first a failure of consideration, in this: That plaintiffs agreed to manufacture and deliver to defendants jewelry for a certain particular retail trade, and warranted that it should be of certain specified quality, material, and workmanship, and would prove satisfactory to that trade; but that the jewelry delivered did not respond to the warranty, could not be sold to the trade as required, and was substantially worthless. Defendants also set up a counterclaim for damages sustained by them by reason of the breach of the warranty. At the inception of the trial the court ruled that the burden under the pleadings rested upon the defendants to prove the affirmative defenses pleaded by them.

A witness was then called and his examination entered upon, whereupon plaintiffs' counsel objected to the introduction of any testimony in support of the defense or counterclaim. A colloquy ensued between the court and counsel for defendants, in which it was admitted: That the jewelry was received by the defendants, had not been returned, and had not been paid for. That it was purchased upon several written orders addressed to plaintiffs by defendants, of which the following is a fair sample:

Order No.............                                    Date 12—29—09.
C. A. Marsh and Co.          Attleboro, Mass.
Ship to Harris-Goar Co.
At 3rd floor Boley Bldg. K. Cy. Mo.
How ship ex.          When at once.
Terms. ...............................................

1 doz. ea. v. chains 3003–4–8–11–12–13–14–17–18.   3020–22–23–25–27–28–29–32–33–34–35–36–37–3038–3039–40–42.

That the numbers so specified were found in a catalogue containing a general description of goods for sale by plaintiffs, with a cut or

illustration of such goods and a number set opposite each kind of goods so described, and that each party had a copy of this catalogue. The sample order just copied, if translated in connection with the catalogue, would read thus:

December 29, 1909.

C. A. Marsh & Co., Attleboro, Mass.

Ship to Harris, Goar & Co., third floor Boley Bldg., Kansas City, Mo., at once by express, 1 dozen *vest* chains of each of the following numbers, found in the catalogue of which you have a copy: 3003, 3004, 3008, 3011, 3012, 3013, 3014, 3017, 3018, 3020, 3022, 3023, 3025, 3027, 3028, 3029, 3032, 3033, 3034, 3035, 3036, 3037, 3038, 3039, 3040, 3042.

It was further admitted that the jewelry received by defendants corresponded in quantities and styles to the goods ordered. It does not appear that the catalogue contained any warranties, representations, or statements concerning the things alleged in the answer to have been warranted.

The defendants' counsel then propounded questions to the witness tending to prove the facts pleaded by them in their answer. To all questions of this kind plaintiffs' counsel objected, on the ground that a written contract had been entered into between the plaintiffs and defendants, and that the questions propounded sought to vary the terms of that contract by parol, and were for that reason incompetent. This objection was sustained by the court, defendants preserved proper exceptions to each and every such ruling, and error was properly assigned thereon. Not being permitted to introduce any evidence in support of their defenses, the defendants were compelled to rest, and the court, on motion of plaintiffs' counsel, instructed the jury to return a verdict for the plaintiffs for the full amount sued for. This was accordingly done, judgment was rendered on the verdict, and defendants prosecute this writ of error.

The alleged written contract, if any, is found in several written orders for the jewelry, a sample of which appears above. Reference to it discloses that it is a memorandum made up of some abbreviations (doubtless understood in the trade), statements of quantities, and a large number of figures admitted to have been found in the catalogue. Neither the prices nor terms of sale are stated in the orders themselves. Without the catalogue, which it is admitted disclosed the prices, the written orders manifestly would have been unintelligible.

[1] Conceding that with the aid of the catalogue a contract of sale might be made to appear, yet as the contents of the catalogue are not brought to our attention in this record, we have to rely on the admission of counsel that the prices of the jewelry appeared in the catalogue as our only information touching the terms of sale. In view of these facts, we think the written orders were not intended to constitute the entire contract. The catalogue, which was neither made part of the orders nor referred to in them, was absolutely essential to the creation of any contract of sale; but its connection with the orders as a part of them, as well as its contents, had to be established by parol.

Without the catalogue, and without oral testimony connecting the catalogue with the orders, no legal obligation was created. Resort

to some oral proof was therefore necessary to establish such an obligation. The written part of the contract made no reference to warranties whatsoever; accordingly the facts alleged to have been warranted are not inconsistent with any of the provisions of the writing. The warranty could have been made, and every part of the written portion of the contract remain the same. Such being the case, we think oral proof of the warranty sought to be made by the defendants was entirely competent and should have been allowed. Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837; Leavitt v. Fiberloid Co., 196 Mass. 440, 82 N. E. 682, 15 L. R. A. (N. S.) 855; Rollins v. Claybrook, 22 Mo. 405; Boulware v. Manufacturing Co., 152 Mo. App. 567, 134 S. W. 7; Mercantile Co. v. Tate, 156 Mo. App. 236, 137 S. W. 619. In the Seitz Case the Supreme Court of the United States laid down the rule thus:

"Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole transaction between them. * * * And when the writing itself upon its face is couched in such terms as import a complete legal obligation, without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing."

In the other cited cases the same doctrine is enunciated.

[2] It is the settled law of this jurisdiction that in cases on contracts of sale involving a warranty the purchaser may accept delivery of the goods purchased by him, notwithstanding their failure to respond to the warranty of the seller, and invoke the breach of the warranty by way of counterclaim in reduction of damages. City of St. Charles v. Stookey, 85 C. C. A. 494, 154 Fed. 772; Omaha Water Co. v. City of Omaha, 85 C. C. A. 54, 156 Fed. 922.

The statute of frauds is invoked by counsel for defendants in error in support of their contention, and to their extended argument in this regard careful attention has been given; but we are unable to perceive its pertinency to the facts of this case.

[3] An extended argument is made in the brief of plaintiffs' counsel to the effect that, as no exception was taken to the action of the court in directing a verdict for the plaintiffs, nothing is reviewable on this writ of error. There is no merit in this argument. The defendants made a most earnest and persistent effort to introduce proof tending to establish their defense and counterclaim. They asked many questions to that end, objections to each and all of which were sustained by the court, and due exceptions allowed. The direction to find a verdict for plaintiffs was an inevitable consequence of prior rulings on the admission of evidence, and no further exception was necessary to "save the point." The only point in the case had already been saved 84 times by actual count.

Objection is made by counsel for defendants in error that the brief of plaintiffs in error does not conform to the requirements of our rule 24 (198 Fed. xxiv; 115 C. C. A. xxiv), in the matter of specifying the part of the charge of the court complained of or quoting the

substance of the evidence improperly admitted or excluded; but, as the record contains neither charge nor evidence, it is difficult to see the applicability of this rule to the present case.

The judgment is reversed, and the cause remanded to the District Court for a new trial.