THE NATIONAL CASH REGISTER CO., a Corporation, Appellant, v. G. W. LAYTON and JAMES R. JOYCE, a Co-partnership, doing Business as the VAN DUSER SUPPLY COMPANY, Respondents.

Springfield Court of Appeals, June 18, 1921.

1. **SALES: Rule as to Effect of Express Warranty as Superseding Implied Warranty Stated.** While an implied warranty of the fitness of an article sold for the purpose for which it is to be used is superseded by an express warranty covering the same matter, yet, if the express warranty covers only a part of the matters covered by an implied warranty, the purchaser may avail himself of as much of the implied warranty as is not covered by the express warranty; for it is only when the contract shows on its face that it is exclusive and contains all the obligations attaching to the seller, or when an implied warranty is covered by, or is inconsistent with, an express provision of the contract, that all implied warranties are merged in, or superseded by, the express provisions of the contract.

2. ————: **Express Warranty Held not to Supersede Implied Warranty of Fitness at Time of Delivery; "Ordinary Use."** A provision in a contract of purchase of a cash register that the vendor

Nat. Cash Reg. Co. v. Van Duser Supply Co.

should repair the machine, if it gets out of order from "ordinary use" within a year from the date of sale, did not supersede an implied warranty that the machine was reasonably fit for use at the time of delivery; the defect not being one resulting from "ordinary use."

3. ——: Implied Warranty not Precluded by Clause as to Oral Agreements. In a written contract of sale of a cash register, a clause that the written contract covers all agreements and shall not be countermanded, means no more than that no oral agreements shall have any effect, and does not supersede an implied warranty of quality.

4. ——: Rescission by Buyer Held not Barred by Delay. A cash register was delivered to the purchaser in June. It would not work, owing to some defect in the mechanism, and the purchaser immediately notified the seller, who on August 5th sent a repairman to fix the machine. The machine worked properly for three or four days after the repairman left, when it again "locked" and would not operate. On August 22nd the buyer returned the machine to the seller and rescinded the contract. Held, that there was no undue delay by the buyer, precluding rescission.

Appeal from Scott County Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Gresham & Blanton* for appellant.

(1) Where there is an express warranty in the sale of personalty there is no implied warranty as to same matter. Fairbanks Co. v. Basket, 71 S. W. 1113, 98 Mo. App. 53; International Co. v. Smith et al., 17 Mo. App. 264; Advance Co. v. Briggs Company, 206 S. W. 587, 588 (not off. rept.) (2) Where a contract shows on its face that it composes the entire contract between the parties, it cannot be varied to show an implied warranty. Boulware v. Victor Auto Mfg. Co., 134 S. W. 7, 152 Mo. App. 567; Iron Co. v. Holbeck, 82 S. W. 1128, 109 Mo. App. 179; Fairbanks v. Baskett, 71 S. W. 1113, 98 Mo. App. 53; Wood Co. v. Bobbst, 56 Mo. App. 433; Boyer v. Neel, 50 Mo. App. 26; 17 Cyc., p. 716, par. "C." (3)

Where parties by their contract incorporate therein a conditional warranty, before the vendee can rescind for its breach he must comply with the condition precedent. Jenkins Sons v. Kindle, 180 S. W. 557; Kirk v. Seeley, 63 Mo. App. 262. (4) A vendee can exercise the right of rescission only when the right is exercised immediately and by immediately is meant a reasonable time—not to consider whether to rescind or not—but to do those things necessary to rescind, and must be accompanied by a tender. Sinclair Co. v. McGuire Co., 221 S. W. 378; Emery v. Boehmer Co., 151 S. W. 174, 167 Mo. App. 703; Sterling Silver Co. v. Worrell, 154 S. W. 866, 172 Mo. App. 90; Long v. International Co., 139 S. W. 819, 158 Mo. App. 662; Metropolitan Co. v. Monarch Co., 74 Mo. App. 266; Johnson v. Whitman Co., 20 Mo. App. 102; Steam Heating Co. v. Gas Fixture Co., 60 Mo. App. 153; Kirk v. Seeley, 63 Mo. App. 262; Marth v. Wiskerchen, 172 S. W. 410, 186 Mo. App. 515; St. Louis Co. v. Loevenhart, 190 S. W. 627; Harper v. Wilson, 191 S. W. 1024; Manley v. Crescent Co., 77 S. W. 489, 103 Mo. App. 135. (5) A vendee undertaking to rescind a purchase on the ground that the article is worthless, and who does not plead damages by way of offset, cannot prevail either if he does not sustain his plea of rescission, or if the article, while less valuable than warranted, yet is not worthless, and in either case the vendor is entitled to a directed verdict. Outcault Co. v. Schierbaum, 209 S. W. 982; Riverside Co. v. Bendict Co., 201 S. W. 584; Allaire Co. v. Cole, 187 S. W. 816; Emery Co. v. Boehmer Co., 151 S. W. 174, 167 Mo. App. 703; Dayton Box Co. v. Danciger, 143 S. W. 855, 161 Mo. App. 640; Sinnamon v. Moore, 142 S. W. 494, 161 Mo. App. 168. (6) Where the facts are undisputed and lapse of time is such that fair minded men will not differ, it becomes the duty of the court to declare such as a matter of law, if the delay in rescinding has been so unreasonable as to deprive the vendee of that right. Emery v. Boehmer Co., 151 S. W. 174, 167 Mo. App. 703; Metropolitan Co. v. Monarch Co.,

74. Mo. App. 266; Sterling Silver Co. v. Worrell, 154 S. W. 866, 172 Mo. App. 90; Riverside Co. v. Benedict Co., 201 S. W. 584, 588; Boyer Co. v. City of Milan, 199 S. W. 712; Johnson v. Whitman Co., 20 Mo. App. 102; Steam Heating Co. v. Gas Co., 60 Mo. App. 154; Sinclair Oil v. McGuire Co., 221 S. W. 378.   (7) Where vendee claims the absolute right of rescission, but instead of standing on that right and either has the vendor repair the defects, or undertakes to use the machine after attempting to rescind, the vendee loses his right to rescind, and cannot then later undertake to exercise it.   Lawson v. Williams Co., 122 Mo. App. 484; Sturgis v. Whisler, 130 S. W. 113, 145 Mo. App. 148; Faust v. Koers, 86 S. W. 279, 111 Mo. App. 560; Riverside Co. v. Benedict Co., 201 S. W. 584; Block v. Martin, 129 S. W. 715, 150 Mo. App. 82. (8) An instruction on the whole case must be so framed as to justify a recovery on the hypothetical facts therein stated, without excluding from the consideration of the jury the evidence or theory offered by the adverse party. Wood Machine Co. v. Bobbst, 56 Mo. App. 433; St. Louis Carbon Co. v. Loevenhart, 190 S. W. 627; Stepham v. C. B. & Q. Ry., 199 S. W. 273, 274; Daso v. Jefferson City, 189 S. W. 400.   (9) Instructions must not change the issues as made by the pleadings, nor widen their scope.   Sinnamon v. Moore, 142 S. W. 494, 161 Mo. App. 168; Scrivner v. Mo. Pac. Ry., 169 S. W. 83, 260 Mo. 421; Rawlings v. Frisco Ry., 175 S. W. 935; Moss v. Jacksonville Co., 226 S. W. 592.   (10) Where vendor receives goods returned by vendor upon an attempted rescission, but holds them subject to the order and at the risk of the vendee, he does not accept them in satisfaction of the purchase price, but may recover that price.   Brown v. Gilpin, 96 S. W. 669, 120 Mo. App. 130; Sturgis v. Whisler, 130 S. W. 111; 145 Mo. App. 148.   (11) Instruction must be within both the proof and the pleadings, and must not be broader than the proof, though the pleadings would justify broader instructions.   Riley v. City of Independence, 167 S. W. 1022, 258 Mo. 671.

*Ward & Reeves* for respondents.

(1)  "Anyone manufacturing and selling a machine is held in law to warrant that the machine is reasonably fit for the ordinary purposes for which such a machine is put upon the market and sold." Boulware v. Manufacturing Co., 152 Mo. App. 575; Fairbanks, Morse & Co. v. Baskett, 98 Mo. App. 70. (2) Where there is a warranty, either express or implied, in the sale of goods, and a breach of the warranty, the purchaser may rescind the contract and return the goods, or he may retain the goods and show the breach of warranty as a partial or total failure of consideration when sued for the contract price. Atkins Bros. Co. v. Grain Co., 119 Mo. App. 119; Schoenberg v. Loker, 88 Mo. App. 387; Brewing Assn. v. McEnroe, 80 Mo. App. 429; Brown v. Wardon, 99 Mo. 564; Branson v. Turner, 77 Mo. 489.

COX, P. J.—Action on a note. Judgment for defendants and plaintiff appealed.

The petition is in the usual form of an action on a promissory note. The answer admits the execution of the note and then alleges that the note was given as and for the purchase price of a cash register. That the machine was purchased for use in a store and that it would not work but was worthless. That complaint was made to plaintiff and plaintiff sent a man to fix same but without avail and plaintiff authorized and requested defendants to ship the machine back if it failed to work and after defendants had thoroughly tested and tried it, they sent it back because it was useless to them and because there was a breach of warranty and the machine would not work and that said register was received and accepted by plaintiff and is still retained by it.

The reply then sets out in full the order for the cash register signed by defendants and addressed to plaintiff. The material parts of this order as far as the issues in this case are concerned are as follows: "Should the register get out of order from ordinary use within one

year from shipment, you will without charge repair it provided undersigned pays the transportation charges on it to and from the factory or nearest agency to make repairs or traveling expenses for repairman. . . . This contract covers all agreements between the parties and shall not be countermanded.'' Plaintiff then alleges that it has complied with all the terms of the contract; denies that the register failed to function; alleges that there was no warranty on the part of plaintiff and that the written contract controlled and provided the only remedy open to defendants. Denies any rights of 're- scission and alleges further that if such right ever exist- ed, it was lost by the delay of defendants in attempting to exercise it.

Plaintiff introduced the note and rested. Defendants then offered testimony to show that the machine was re- ceived sometime in June, 1919. When received, it would not work and they wrote plaintiff that it was locked and asked that a man be sent to unlock it. In about a month thereafter (plaintiff says on August 5th) a man came and he could not operate it but opened some part of it and after working on it, got it so it would work. Defendants then used it three or four days when it locked again and would not work. On August 22nd, they shipped the ma- chine back to plaintiff and wrote the following letter: ''We are sending back that cash register as we cannot use it.'' No reason was given why they could not use the machine. Some correspondence followed and on September 22nd, plaintiff wrote defendants intimating that suit might be brought if payment under the con- tract was not made and demanded that a payment then due be made. This letter was returned to plaintiff with an unsigned pencil note at the bottom as follows: ''That register was guaranteed to give satisfaction and it don't so I sent it back and I can prove that man said if it don't suit for not to keep it.'' On October 7, 1919, plaintiff wrote defendants from which we quote the following: ''You recently advised that the register which we shipped you was not satisfactory. This is the first information

we have had of any complaint from you regarding the operation of the register.'' On October 16th, plaintiff wrote defendants that the machine was being held subject to their order and stating that the matter was being referred to its attorney for suit. On October 18th, the attorney wrote defendants that suit would be filed as soon as the papers could be prepared. On November 4th, defendants wrote plaintiff that they had bought the register under contract, that it was to give complete satisfaction and to be in perfect working order and it had failed to fulfill either obligation. Some other correspondence followed between defendants and counsel for plaintiff and on March 22, 1920, defendants wrote plaintiff's counsel that they refused to accept the cash register under any circumstances. This ended the correspondence. On February 20, 1920, plaintiff had the machine examined by its expert who found a few small parts missing and some minor adjustments necessary. He furnished plaintiff with a list and statement of what was necessary to place the machine in proper condition. He examined it again about March 29, 1920, and found it then in perfect working order. This suit was filed April 27, 1920, and at the trial, the machine was produced and shown by plaintiff to be then in perfect working condition and physical tender thereof was made to defendants.

The plaintiff asked instructions to the effect that there was no implied warranty of the fitness of the machine to do ordinary work of a cash register but that the rights of the parties were to be determined solely by the terms of the contract as expressed therein and defendant could have no defense to this action except to show that they had complied with the terms of the contract by returning the machine for repair and that plaintiff had failed to comply with the terms of the contract on its part. Also that if defendants did not rescind promptly on discovery of the defects in the machine, they lost the right to rescind. These instructions were refused and the court of its own motion instructed the jury in substance in Instruction No. 1 that under the contract the

plaintiff was required to deliver a machine reasonably fit to perform the work of a cash register and if it got out of order from ordinary use within a year, plaintiff was required to repair it and defendant was required to pay the transportation charges on it to the factory but if the machine was defectively constructed, then it became the duty of plaintiff after due notice of its defects to put it in repair and pay the transportation charges and to do this within a reasonable time and if plaintiff did repair the machine in a reasonable time, it should recover but if it did not, then defendants had the right to rescind and the verdict should be for them. Also that the burden of evidence was on defendants to show that the machine did not get out of order from ordinary use and was defectively constructed.

For the defendants, the jury were instructed that if the machine was sold to them to use as a cash register, then there was an implied warranty on the part of plaintiff that it was reasonably fit to do the work of a cash register and if the jury should find that it was not reasonably fit to perform the work of a cash register and would not operate and defendants shipped it back to plaintiff who received and retained it and did not put it in proper condition in a reasonable time as instructed in Instruction No. 1, then plaintiff could not recover.

Plaintiff's first contention is that the provision in the contract that "should the register get out of order from ordinary use within one year from shipment, you will, without charge, repair it" etc. superceded and took the place of all implied warranties and furnished the only gauge by which to determine plaintiff's liability in case of defects in the machine. We do not think this position sound. It is true that an implied warranty of the fitness of an article sold for the purpose for which it is to be used is superceded by an express warranty covering the same matter. [International Co. v. Smith, 17 Mo. App. 264, 269; Fairbanks Co. v. Baskett, 98 Mo. App. 53, 71 S. W. 1113, 1118.]

It is also true that if there be an express warranty that covers only a part of the matters covered by an implied warranty, the purchaser may avail himself of as much of the implied warranty as is not covered by the express warranty. It is only when the contract shows on its face that it is exclusive and contains all the obligations attaching to the seller or when an implied warranty is covered by or is inconsistent with an express provision of the contract that all implied warranties are merged in or superceded by the express provisions of the contract. [Boulware v. Victor Automobile Mfg. Co., 152 Mo. App. 567, 134 S. W. 7; Same case, 163 Mo. App. 524, 143 S. W. 1197; Fairbanks Morris & Co. v. Baskett, 98 Mo. App. 53, 71 S. W. 1113; Miller & Co. v. Hunter, 82 Mo. App. 632; Acme Harv. Machine Co. v. Gasperson, 168 Mo. App. 558, 570, 153 S. W. 1069.]

We do not think that plaintiff's agreement to repair for one year if the machine should get out of order from ordinary use covers, supercedes, or is inconsistent with the implied warranty that the machine was in good working condition when sold. It is conceded by all the evidence that the machine would not operate when delivered to defendants. They could not operate it and when the man sent by plaintiff to operate and start it arrived, he could not operate it until he had worked upon it. It is apparent that the trouble existing at that time did not result from "ordinary use" for the machine had not been used at that time. This then was not covered by the agreement to repair, for plaintiff had only agreed to repair when the machine should get out of order from ordinary use. If the agreement by plaintiff to repair can be construed to be a warranty at all, it can go no further than a warranty as to the lasting quality of the machine, that is, that with ordinary use, it would last one year without need of repair and this provision in the contract provided defendants' sole remedy and fixed and limited plaintiff's responsibility in case the machine or any part of it should wear out or in any way become out of order by ordinary use within one year but it covered

nothing beyond that. It did not reach defective construction or parts of the mechanism that might be missing. The evidence shows that the machine would not operate when received and plaintiff contends that defendants by calling on plaintiff to set it in order or "unlock it" as defendants expressed it, they waived the right to rely on an implied warranty and elected to stand on the provision of the contract binding plaintiff to repair. Had defendants known at that time what was the matter with the machine, we would be inclined to adopt plaintiff's view on that question but it is evident that they had no knowledge or information on that question. All they knew was that it would not work and they may well have supposed that its failure to work was from some temporary cause only and not resulting from defective construction, but when plaintiff's agent came and got it so it would work and then it locked again in three or four days, defendants had the right to assume that there was something wrong with the mechanism of the machine and if that were true, they had the right, on discovering that fact, to return it. We think that on that question, they returned it at their own risk and if it had been shown that the failure of the machine to work at that time was brought about by its getting out of order from ordinary use during the three or four days that it had been used, we would then have a very different case. The defendants, however, instead of calling for repairs under the contract, sent the machine back and when it was examined by plaintiff's expert in February following, it was found that some parts of the machine were missing so defendants are not limited to their right to assume that because the machine failed to work after only three or four days of use that there was something wrong with the machine but the after examination made by plaintiff shows that, as a matter of fact, there was something wrong with it. We do not think defendants can be said to have elected to stand on the repair provision of the contract.

Another contention of plaintiff is that the provision in this contract that "this contract covers all agreements between the parties and shall not be countermanded" amounts to an agreement that there are no implied warranties or any obligation resting upon plaintiff except the obligation to repair as specified in the contract. We do not think that clause in the contract goes to that extent. It does mean that there are no oral agreements or specific understandings not incorporated in the written agreement but that would be true if this provisions had not been inserted so we cannot see that this provision serves any particular purpose in connection with this contract.

Plaintiff also seeks to invoke the rule that a party who may be entitled to rescind a contract must do so promptly on discovery of the facts which entitle him to rescind and an unreasonable delay will deprive him of his right to rescind. This is a wholesome rule and recognized and enforced when the facts call for its application. In this case, this machine was put in condition to operate about August 5th. It was used three or four days which would extend to August 8th or 9th when it locked again. It was returned on August 22nd and as we learn from the correspondence was received by plaintiff on or before October 7th and plaintiff learned soon thereafter that defendants were claiming that the machine was faulty, even if they did not have that information from the fact that they had sent a man to operate it on August 5th and defendants had written them on August 22nd that they were returning it because they could not use it. Plaintiff did not seem to regard the time of returning the machine as important for it made no examination with a view to ascertain its condition until February 20, 1920, more than three months after they had received it and had been specifically notified that defendants claimed it was defective. Under these circumstances, we do not think there is any evidence to show that defendants delayed returning the machine for such a length of time as to take away from them the right to

rescind. Especially is this true as there is no showing that plaintiff was in any way injured by the supposed delay in returning the machine.

From what we have said, it will be seen that the instructions asked by plaintiff were rightly refused and those given by the court were as favorable to plaintiff as the evidence warranted.

Some other questions of minor importance are presented in brief of counsel but we think the questions we have discussed dispose of the substantial rights of the parties. We find no reversible error and the judgment will be affirmed.

*Farrington* and *Bradley, JJ.,* concur.